PETITION UNDER 28 USC § 2254 TO VACATE SET ASIDE OR CORRECT
SENTENCE BY A PERSON IN STATE CUSTODY

AO 243 (Rev. 2/85)

| UNITED STATES DISTRICT COURT | District | Southern District of Ohio |
|---|---|---|
| Name of Movant: Reginald Allen | Prisoner No. | Case No. C-1-01 810 |
| Place of Confinement: Madison Correctional Institution, Ohio | | |

REGINALD ALLEN  V.  ALAN LAZAROFF, Warden
(name under which convicted)

J. DLOTT
M.J. SHERMAN

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack __Court of Common Pleas, Hamilton County, Ohio__

2. Date of judgment of conviction __December 9, 1997__

3. Length of sentence __20 years__

4. Nature of offense involved (all counts) __Aggravated Burglary, Aggravated Attempted Murder, Felonious Assault, and Domestic Violence__

5. What was your plea? (Check one)
   (a) Not guilty    [X]
   (b) Guilty        [ ]
   (c) Nolo contendere [ ]
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          [X]
   (b) Judge only    [ ]

7. Did you testify at the trial?
   Yes [X]    No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [X]    No [ ]

(2)

9.  If you did appeal, answer the following:

    (a) Name of court __First District Court of Appeals__

    (b) Result __Affirmed__

    (c) Date of result __November 24, 1999__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐     No ☐

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

(3)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐       No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐       No ☐
    (2) Second petition, etc.     Yes ☐       No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    <u>Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.   Ground one: Counsel was ineffective on Appeal for failing to raise certain issues.

Supporting FACTS (state *briefly* without citing cases or law)

See Memorandum of Law

B.   Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

C.   Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

(5)

D.   Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing   David Donnett, 1212 Sycamore St., Suite 15, Cincinnati, Ohio 45210

    (b) At arraignment and plea  David Donnett, 1212 Sycamore St., Suite 15, Cincinnati, Ohio 45210

    (c) At trial   David Donnett, 1212 Sycamore St., Suite 15, Cincinnati, Ohio 45210

    (d) At sentencing   David Donnett, 1212 Sycamore St., Suite 15, Cincinnati, Ohio 45210

(6)

(e) On appeal ___Herbert Freeman, 620 American Building, 30 E. Central Parkway, Cincinnati, OH 45202___

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒       No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐       No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐       No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(Date)

_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| REGINALD ALLEN, | * |
| Petitioner, | * |
| -vs- | * |
| STATE OF OHIO, | * Case No. _____ |
| and | |
| | * |
| ALAN LAZAROFF, Warden | |
| Madison Correctional Institution | |
| Respondents. | * |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
28 U.S.C. § 2254 MOTION

---

The Petitioner herein, through counsel, submits that his convictions in the instant case must be reversed, due to violations of the Sixth and Fourteenth Amendments to the Constitution.

### I. COUNSEL WAS INEFFECTIVE ON APPEAL

The Petitioner submits that counsel rendered ineffective assistance of counsel by failing to raise certain issues on direct appeal which, had they been raised, would have resulted in a different outcome to the appeal.

In order to prove ineffective assistance of counsel, the defendant must prove (1) that counsel's conduct was not within the wide range of reasonable professional assistance, and (2) that counsel's deficiencies probably changed the outcome of the proceeding. Groseclose v. Bell, 130 F.3d 1161,1167 (6th C. 1997)

"In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interests to the best of his or her ability." McCoy v., Court of Appeals of Wisconsin, Dist. 1, -- U.S. ---, 108 S.Ct 1895, 1902 (1988). In performing this duty, counsel has the duty to search for the strongest arguments possible, and "must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." 108 S.Ct. at 1905.

The Sixth Circuit has found ineffective assistance of counsel on appeal where counsel failed to raise an issue on direct appeal which would have had a significant impact on the outcome of the appeal. Bransford v. Brown, 806 F.2d 83, 86 (6th C. 1987)

The Petitioner submits that he had four viable issues on appeal which were not raised, but which would have had an affect on the outcome of the appeal.

### A. Use of 404(b) evidence

The Petitioner first submits that his alleged prior bad acts were used as substantive evidence to obtain a conviction in his case.

In determining whether evidence is admissible under 404(b), a district court must determine whether or not the evidence is to be presented for some permitted purpose under 404, such as a motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Further, the court must weigh the probative nature of the evidence, to see if the inherent prejudicial nature of such evidence outweighs its value to the

jury. <u>United States v. Talley</u>, 164 F.3d 989,999 (6th C. 1999) The rules pertaining to 404(b) apply to defendants, victims and witnesses. <u>United States v. Hart</u>, 70 F.3d 854,859 (6th C. 1995) The Sixth Circuit has specifically ruled on Ohio's version of 404(b), finding that federal relief can be had on a state evidentiary ruling where due process is violated. <u>Coleman v. Mitchell</u>, 244 F.3d 533,541 (6th C. 2001)

Ohio courts have held that where prior acts are used to prove the identity of the attacker, the prior acts must show a "unique, identifiable plan of criminal activity" such that the identity of the attacker is shown through the prior bad acts. See <u>State of Ohio v. Green</u> 738 N.E.2d 1208,1228,1229 (Ohio 2000)

In the case of <u>White v. McAninch</u>, 235 F.3d 988 (6th C. 2000), the Sixth Circuit upheld the overturning of a conviction where the defendant argued his counsel was ineffective for failing to make a proper objection under 404(b). In that case, the defendant was charged with an act of oral sex. At trial, the victim was allowed to testify, without objection, as to other alleged sexual misconduct between her and the defendant. Further, counsel never requested a limiting instruction on the use of the prior acts. The Sixth Circuit found that counsel's conduct, in failing to make a motion to either omit or limit the 404(b) evidence, was ineffective representation, which required reversal of the convictions. <u>Id.</u> at 999

In the present case, just as in the <u>White</u> case, 404(b) evidence drove the entire trial. It was undisputed that the victim was attacked. The only question was the identity of the

attacker. The State used evidence of a pending restraining order, as well as a domestic violence charge, to prove that the Petitioner was the attacker. However, a review of the trial will show: the State never showed a *modus operandi* between the current and prior offenses such that the former would prove the identity of the latter. Further, counsel failed to ensure that a limiting instruction would be given to the jury after introduction of the evidence, to limit the use of the evidence against the Petitioner. The Petitioner submits that the 404(b) evidence became the tail that wagged the dog of the offense, and as such, the Petitioner was not convicted based upon the evidence against him, but for his bad character.

The Petitioner submits that, had counsel raised this issue on direct appeal, it would have resulted in a remand for a new trial. Counsel's failure to raise this issue thus constitutes ineffective assistance of counsel.

### B.  Prosecutorial misconduct

The Petitioner next submits that counsel was ineffective for failing to raise the issue of prosecutorial misconduct which took place during closing argument.

Prosecutorial misconduct in state court creates a federal constitutional violation through the due process clause of the Fourteenth Amendment. A prosecutor's main interest is not to win at all costs; but rather, for justice to be done. The prosecutor is required to refrain from improper methods calculated to produce a wrongful conviction. Gravely v. Mills, 87 F.3d 779,789

(6th C. 1996)   "The relevant inquiry an appellate court must apply when reviewing a claim of prosecutorial misconduct is whether the prosecutor's remarks were indeed improper, and is so, whether a substantial right of the accused was adversely affected." State v. Tumbleson, (1995) 105 OhioApp.3d 693,699

In State v. Pumpelly, (1991) 77 OhioApp.3d 470,481, the Twelfth District held that a prosecutor "may not express a personal belief or opinion as to the credibility of a witness or the guilt of an accused."  Further, the court held that "a prosecutor may not allude to matters not supported by admissible evidence." Id. at 481

In the case of United States v. Wilson, 135 F.3d 291 (4th C. 1998), the Fourth Circuit overturned a conviction based upon similar improper argument by the prosecutor.  In that case, the prosecutor argued, during closing, with regards to a murder, of which evidence was not in the record.  The court determined that although there was strong evidence as to the offense of conviction, that the probability of taint was too strong given the improper argument; therefore, the conviction was overturned. Id. at 302

In the present case, the State engaged in improper argument which affected the integrity of the jury's decision.  First, the State belittled defense counsel.  The State, in arguing as to defense's strategy of placing the blame for the offense with another, stated "But all of a sudden here's a person, he is not in court, he's never called, but here's a convenient scapegoat, some man who is probably out there working, doing what he is

supposed to do somewhere out in Hamilton County, and little does he know that at 1:45 in the afternoon in a jury trial he is being accused of being the one to do this to his friend. That's what he is being accused of. And he is an easy scapegoat, he is not here, and can't answer to that. It's a very cheap type of trick." (Exhibit A, p.334)

The Petitioner submits that this argument violated due process in a number of fashions. First, it shifted the burden of proof, indicating to the jury that the defense needed to bring this witness. Second, it spoke of evidence not before the jury. The whereabouts and actions of the missing witness were not privy to the prosecutor or jury; therefore, the State should not have attempted to bolster the integrity of the witness. Finally, the State belittles defense counsel and his actions in placing blame elsewhere, calling the defense a "cheap trick".

The misconduct of the State permeated the entire closing argument. The State continued to argue evidence not in the record. First, the State argued that the assailant did not go into any other rooms, but straight to the victims, thus showing the jury familiarity. (Exhibit A, p.340) But the actions of the assailant's path were not in evidence; the victim was asleep when she was attacked, an no other witness testified that they saw the path of the assailant. Further, the State argued that the Petitioner did not show remorse, but showed anger because he did not "finish the job". (Exhibit A, p.344) This is a figment of the State's imagination, but is presented as evidence to the jury.

Finally, the State used false information in closing to the

jury. Specifically, the State argued "don't let this man talk you out of convicting him just like he talked Debbie Shepard out of pursuing the prior charges." (Exhibit A, p.344 ) This played to the sympathies of the jury (i.e. don't let a batterer out on the streets) and encouraged the jury to convict the Petitioner based upon 404(b) evidence.

The Petitioner submits that, had counsel made a proper objection to this on appeal, it would have resulted in a reversal of the sentence in this case. On this basis, the conviction must be overturned.

### C. Challenge to sentences imposed

The Petitioner also submits that counsel was ineffective for failing to object to the maximum consecutive sentences imposed in the instant case.

Pursuant to Ohio Revised Code 2929.14(C), the maximum term may only be imposed if the court finds that the offender is a repeat offender (as provided for under statute), or the court finds that the offense is "the worst form of the offense". In the case of State v. Kershaw, (1999) 132 Ohio App.3d 243, the court held that determining whether an offense is the "worst form" is a nebulous concept. In that case, the defendant was convicted of voluntary manslaughter, based upon her actions in fatally shooting an intoxicated person. In that case, the defendant confronted the victim with a gun when the victim was yelling outside her window. She then chased the victim, the victim turned, and, after firing a warning shot, the defendant shot the victim. The court found that these facts were not

sufficient to prove a "worst case" scenario.

The Petitioner also contends that there was not adequate findings to support consecutive sentences. Under O.R.C. 2929.14(E)(4), consecutive sentences can be imposed on multiple counts where (1) the court finds that the sentence is necessary to protect the public and punish the offender and (2) that the offender was awaiting trial or sentencing on another case, the offender's criminal history is aggravating, or the harm was so unusual that no single prison term reflects the seriousness of the conduct.

The Petitioner submits that appellate counsel clearly should have raised these issues on appeal. The aggravating factors are not present to a degree which makes this offense the worst form of the offense, nor is the Petitioner the worst form of offender. As such, maximum consecutive sentences were not warranted in this case. Counsel's failure to raise this issue constitutes ineffective representation.

The Petitioner also contends that the offenses should have been consolidated as allied offenses, for purposes of sentencing.

Case law interpreting the code states that the legislature's intent in passing the multiple-count statute was to permit a defendant to be punished for multiple offenses of *dissimilar import*. See State v. Rance, 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 703-704 (Ohio 1999)(citing R.C. 2941.25(B); State v. Blankenship, 38 Ohio St.3d 116, 117, 526 N.E.2d 816,817 (Ohio 1988). However, if the defendant's actions can be construed to constitute two or more allied offenses of similar

import, the defendant may only be convicted of one offense. Id.

The test for determining whether allied offenses were of similar import is whether the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. See Id. at 13, 676 N.E.2d at 81, (quoting Blankenship, 38 Ohio St.3d at 117, 526 N.E.2d at 817). If the answer to the question is yes, then the crimes are of similar import and the defendant may only be found guilty and punished for one offense. Id.

In applying the test the elements of the crime should be evaluated in the statutory abstract. See State v. Rance, 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 703-04 (Ohio 1999). Courts should look to see if the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Id. at 705. If the elements correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id.

In State v Logan, 397 N.E.2d 1345 (Ohio St. 1979), the court set forth two guidelines for establishing whether kidnaping and another offense of the same similar kind are committed with a separate animus. The first guideline is whether the restraint or movement of the victim is merely incidental to a separate underlying crime. Second, the defendant must show that no separate animus was present sufficient enough to differentiate between the two elements of the criminal offenses. Thus the Supreme Court of Ohio reversed the judgement of Court of Appeals

as to Logan's conviction for kidnaping.

In Logan, the defendant was convicted rape and kidnaping. The court held that the defendant's detention of victim was slight and in view of the indication that the asportation of victim did not present a substantial increase in the risk of harm separate from that involved in rape. In Logan, there was no separate animus to commit kidnaping therefore the defendant could not be convicted of both kidnaping and rape.

The present case involves a conviction for attempted murder and aggravated burglary. Because the attempted murder conviction could not have resulted without the element of entering, the crimes are allied offenses of similar import. All of the acts were to facilitate the attempted murder and thus the Petitioner should not have received multiple sentences, because all of the offenses arose from the same animus thought.

In sum, the Petitioner had numerous issues relating to his sentencing which, if raised, would have resulted in a remand for a new sentencing proceeding. On this basis, the Petitioner's convictions must be reversed.

### D. Ineffective assistance of trial counsel

Finally, the Petitioner contends that appellate counsel should have raised the issue of ineffective representation of his trial counsel.

In order to prove ineffective assistance of counsel, the defendant must prove (1) that counsel's conduct was not within the wide range of reasonable professional assistance, and (2)

that counsel's deficiencies probably changed the outcome of the proceeding. <u>Gravely v. Mills</u>, 87 F.3d 779,785 (6th C. 1996)

In the present case, the Petitioner has argued that counsel was ineffective on appeal for failing to raise the above issues. The Petitioner also submits that these arguments apply in equal force to trial counsel. Trial counsel failed to raise any of the issues above at the trial level. Counsel's failure at trial created the same prejudice as outlined in the above arguments, and provides an alternate basis for relief in this case.

The Petitioner would further note that counsel was ineffective at trial for failing to use the medical records to impeach the victim. The victim testified that her injuries were more severe than presented in the police reports made at the time of the 911 call. In fact, the medical records supported the police records; namely that the injuries were not as severe. Had counsel used these, it would have lessened the jury's sympathy with the victim, and quite possibly would have resulted in lesser reliance by the jury on the 404(b) evidence.

The Petitioner submits that the issue of ineffective assistance of trial counsel was fully cognizable on appeal. Had counsel raised this issue, it would have resulted in a new trial.

## II.  AN EVIDENTIARY HEARING IS APPROPRIATE

The Petitioner submits that the above issues warrant an evidentiary hearing by this Court.

This Circuit has held that a Petitioner is entitled to an evidentiary hearing unless the files and records of the case

conclusively show that the Petitioner, as the moving party, is not entitled to relief. Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995); Accord Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Furthermore, the Sixth Circuit, in United States v. Todara, 982 F.2d 1025, 1030 (6th Cir. 1993), concluded that a determination of whether an evidentiary hearing need be conducted must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and thoroughness of the record on which the motion is made. Additionally, the Court concluded that "if there are factual issues in dispute and an insufficient record upon which to resolve a legitimate claim of ineffective assistance of counsel, a district court must hold an evidentiary hearing". Paprocki v. Foltz, 869 F.2d 281, 287 (6th Cir. 1989)

In Mapes v. Coyle, 171 F.3d 408, (6th C.. 1999), the Sixth Circuit found that a state prisoner seeking federal habeas review of his conviction and death sentence was entitled to an evidentiary hearing. In Mapes, the trial court did not conduct evidentiary findings during the prisoner's state post-conviction claim because the court did not believe it had the authority to review the appellate court's direct-review decision, and the appellate court did not conduct evidentiary findings because it agreed that the trial court lacked authority to review the matter. Id., at 429. The Sixth Circuit noted that because each of the courts, including the Ohio Supreme Court, declined to address the merits of the prisoner's post-conviction claims the prisoner was still entitled to an evidentiary hearing with regard

to his federal habeas corpus claims. Id. If fact, the Court found no fewer that eleven factors weighing in favor of the prisoners need for an evidentiary hearing, including counsel's apparent ineffective assistance for failing to investigate and present mitigation evidence at the prisoner's penalty phase hearing. Id., at 428-29. The Court further noted that an evidentiary hearing was necessary because many questions were raised as a result of counsel's ineffectiveness and any reason or justification for counsel's decisions were not contained within the record because the state court's had not addressed the matter on the merits. Id.

Further, in the case of Barnes v. Elo, 231 F.3d 1025 (6th C. 2000), the Court remanded for an evidentiary hearing on a claim of ineffective assistance of counsel. The Court, in reviewing the record, determined that there was not a sufficient record developed for the Court to even pass on the merits of the appellant's ineffective assistance claim, and therefore, remanded for a hearing on the claim. Id. at 1029

Based upon the above precedent, the Petitioner is clearly entitled to an evidentiary hearing. The Petitioner has never received a hearing from any court on his claims of ineffective assistance of counsel, and has never had the opportunity to fully develop the record. On this basis, the Court should hold a hearing on these claims.

Wherefore, the Petitioner respectfully requests that this Court vacate the convictions in this case, and remand for a new trial on these matters. In the alternative, the Petitioner respectfully requests an evidentiary hearing on these matters.

Respectfully submitted,

Kevin M. Schad
Attorney for Petitioner
Schad & Cook
8240 Beckett Park Dr.
Indian Springs OH 45011
(513) 870-4980
Fax (513) 870-4984