Terry Deinlein
Acting clerk

FILED
~~KENNETH J. MURPHY~~
CLERK

03 NOV -3 PM 12: 12

... COURT
... DIST OHIO
WEST ... CINCINNATI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

REGINALD ALLEN,

        Petitioner,               Case No. C-1-01-810

v.                                    Judge Dlott

ALAN LAZAROFF, WARDEN,        Magistrate Judge Sherman

        Respondent.

## RESPONDENT'S MEMORANDUM OPPOSING PETITIONER'S MOTION FOR BOND

Petitioner (hereinafter "Allen") has filed a motion in this Court seeking his release on bond pending disposition of his §2254 habeas petition. Bail is an exceptional form of relief in a habeas corpus proceeding. Lucas v. Hadden, 790 F.2d 365, 367 (3rd Cir. 1986). Allen must meet two requirements in order to justify his release on bail. First of all, he must demonstrate a high likelihood of success on the merits of his claims. Second, he must show "exceptional circumstances" that entitle him to release on bond. Calley v. Callaway, 496 F.2d 701 (5th Cir. 1974). Respondent submits that Allen has failed to establish either the likelihood of success on the merits or the presence of exceptional circumstances necessitating the granting of his release on bond. Dotson v. Clark, 900 F.2d 77 (6th Cir. 1990); Martin v. Solem, 801 F.2d 324, 329 (8th

Cir. 1986). Without such a showing, Allen is not entitled to release on bond, and his motion should be denied.

It is well-settled that the eligibility of a habeas petitioner for bail does not rest on the same footing as that of a pretrial accused or a convicted defendant on direct appeal, "both of whom have a right to bail unless the court finds an undue risk of flight...and an undue risk of danger to the community...or that the appeal is frivolous or taken for delay." Oster v. United States, 584 F.2d 594, 599 (2nd Cir. 1978). Unlike bail applications in the above-mentioned circumstances, bail incident to a filing of a petition for writ of habeas corpus is sought by one who no longer enjoys the presumption of innocence. Thus, the power to fix bail under these circumstances is rarely exercised and granted only upon a showing of a substantial likelihood of success on the merits and a showing of extraordinary or exigent circumstances making the grant of bail necessary for the habeas remedy to be effective. Aronson v. May, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964) [Douglas J., in chambers]; see also, Hilton v. Braunskill, 481 U.S. 770 (1987); Land v. Deeds, 878 F.2d 318 (9th Cir. 1989).

Here, Allen has failed to show a substantial likelihood of success on the merits. He was convicted of charges stemming from the brutal attack of his former girl-friend during which he broke into her home and stabbed her fifteen times. She survived the attack and positively identified Allen as her attacker. Her daughter woke up and witnessed the attack. A neighbor heard the victim begging Allen to stop, calling him by name. (See Exhibit A, Judgment Entry from Court of Appeals) He is before this Court raising claims that his appellate

counsel was ineffective. The claims were rejected on the merits by the state appellate court, which applied Strickland v. Washington, 466 U.S. 668 (1984), and found that Allen's attorney was not deficient and that there was no possibility of prejudice to Allen resulting from the attorney's failure to raise the alleged issues. (Exhibit B, Entry Denying Application for Reopening and Overruling Motion) In order to prevail in this habeas action, Allen must demonstrate that the state appellate court's decision was contrary to, or that it involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Under these circumstances, the likelihood of Allen's success on the merits must be considered remote, at best.

Aside from failing to show a substantial likelihood of success on the merits, Allen has not set forth any extraordinary circumstances that would require the immediacy of this release. In order to receive bail pending a decision on the merits, the petitioner must show not only a substantial likelihood of success on the merits, but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990), citing Aronson v. May, 85 S.Ct. 3 (1964). For example, in Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1995), a case cited by the Dotson court, Petitioner was granted bail based on a medical emergency so he could go to a private hospital pending the review of his habeas petition. Allen claims that his special circumstances are that he is serving time for an offense for which he

should not be serving time and that he has served a significant amount of time. (He has served six years of a twenty-year sentence.) This not an extraordinary circumstance which warrants his release on bond. Virtually all habeas petitioners are serving sentences which they can easily allege they should not be serving. As indicated by the discussion above, Allen was properly convicted of the instant charges which resulted from his brutal attack on his former girlfriend, and he is serving an appropriate sentence.

Allen has failed to sustain the requisite two-fold burden imposed upon him to justify his release on bond in the instant case. Therefore, Respondent requests that his motion for bond be denied.

Respectfully submitted,

Jim Petro
Ohio Attorney General

_____
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to Kevin M. Schad, Attorney for Petitioner, Schad & Cook, 8240 Beckett Park Drive, Indian Springs, Ohio 45011, on the 31st day of October, 2003.

*[signature: Diane Mallory]*