IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO
HAMILTON COUNTY, OHIO



| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-990046 |
| Plaintiff-Appellee, | : | TRIAL NO. B-9706964 |
| vs. | : | *JUDGMENT ENTRY.* |
| REGINALD ALLEN, | : | |
| Defendant-Appellant. | : | |

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

The defendant-appellant, Reginald Allen, appeals from his convictions for aggravated burglary, attempted aggravated murder, two counts of felonious assault, and domestic violence. In his single assignment of error, Allen contends that his convictions were based upon insufficient evidence and contrary to the weight of the evidence.[1] We disagree.

---

[1] Allen originally submitted a *pro se* supplemental brief adding numerous assignments of error. Subsequently, however, this court granted his motion to strike the supplemental brief.



## OHIO FIRST DISTRICT COURT OF APPEALS

The evidence presented by the state was that Allen kicked the door down to gain access to the prosecuting witness's apartment, jumped on top of her, and stabbed her fifteen times with a knife in the neck and chest area. The prosecuting witness was the mother of Allen's child and testified that she had a clear view of his face during the attack. The prosecuting witness's daughter awoke and witnessed the attack. Further, a neighbor testified that she heard the prosecuting witness shouting during the attack, "Reggie, don't do this * * *."

Allen presented an alibi defense supported by his own testimony and that of other witnesses. The jury clearly rejected Allen's defense, finding more credible the testimony of the prosecuting witness and her positive identification of Allen as the man who stabbed her. The prosecuting witness's testimony, as corroborated by that of her daughter and neighbor, was clearly sufficient to establish all the elements of the crimes with which Allen was charged. Furthermore, we cannot say that, in finding her testimony more credible than that of Allen and his witnesses, the jury clearly lost its way or created a manifest miscarriage of justice. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.

Therefore, the judgment of the trial court is affirmed.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

GORMAN, P.J., SUNDERMANN and SHANNON, JJ.

RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.



ENTERED
NOV 2 4 1999
IMAGE 19

## OHIO FIRST DISTRICT COURT OF APPEALS

*To the Clerk:*

Enter upon the Journal of the Court on _____NOV 2 4 1999_____

per order of the Court ___*Hildebrandt*___
             *ACTING*   Presiding Judge

ENTERED
NOV 2 4 1999
IMAGE 20