ENTERED
AUG 0 3 2000
IMAGE 2

## IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-990046 |
| Plaintiff-Appellee, | : | |
| vs. | : | *ENTRY DENYING APPLICATION FOR REOPENING AND* |
| REGINALD ALLEN, | : | *OVERRULING MOTION.* |
| Defendant-Appellant. | : | |

This cause came on to be considered upon defendant-appellant's timely application for reopening, and upon the memoranda filed by the parties. However, the state's memorandum in opposition is ineffective because it does not respond to any of appellant's arguments. Appellant's motion to amend his application is overruled because it would exceed the page limit set forth in App.R. 26(B)(4).

The first assignment of error alleges that the trial court "permitt[ed] the state to continually refer to the appellant's prior bad acts." The record reveals that the state used a 1988 prior conviction only to prove an element of the domestic violence count. The state also introduced evidence of a domestic violence incident that occurred about one month prior to the charges in this case, during which appellant stated to the victim, "I am going to get you, bitch." This evidence clearly tends to establish appellant's plan, intent, motive and identity, and therefore is admissible under Evid.R. 404(B) and R.C. 2945.59. See *State v.*


EXHIBIT B

**OHIO FIRST DISTRICT COURT OF APPEALS**

*Wogenstahl* (1996), 75 Ohio St.3d 344, 366, 662 N.E.2d 311, 328. Defense counsel, not the prosecutor, brought out other charges of domestic violence that the victim had initiated and then dropped, as part of counsel's trial strategy to attack the victim's credibility. Accordingly, appellant's claim that the state impermissibly and continually referred to his prior acts is without merit.

Some of the arguments raised in the second assignment of error merely repeat those made in the first assignment; others do not provide any basis for the claims as required by App.R. 26(B)(2)(d); and others go to matters of credibility or fail to allege any prejudice. Therefore, the second assignment is without merit.

The third assignment is not well taken because it alleges prosecutorial misconduct based on the allegations made in the first assignment, which the court has found to be without merit.

In the fourth assignment, appellant claims that the trial court did not utilize the requisite statutory criteria in sentencing him. However, all of the required findings were made and appear at Td. 47 and Tp. 376-377.

In sum, the arguments raised in appellant's application show no deficient performance by appellate counsel, and no possibility of prejudice to appellant from counsel's failure to raise the alleged issues. See App.R. 26(B)(5); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.

Therefore, the court hereby denies appellant's application for reopening.

ENTERED
AUG 0 3 2000
IMAGE 3

*To the Clerk:* Enter upon the Journal of the Court on 8/3/00 per order of the Court.

_____
Presiding Judge

(COPIES SENT TO ALL PARTIES.)