UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Reginald Allen,
    Petitioner

vs                                            Case No. 1:01cv810
                                                 (Dlott, J.; Perelman, M.J.)

Alan Lazaroff,
    Respondent

**ORDER**

      Petitioner, an inmate in state custody at the Madison Correctional Institution in London, Ohio, has filed through counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1997 convictions for aggravated burglary and attempted aggravated murder. (*See* Doc. 1). This matter is before the Court on petitioner's motion for release on bail pending disposition of this case (Doc. 2) which respondent opposes (Doc. 7).

      A federal court has authority to grant bail to a petitioner in a habeas corpus action pending decision on the merits of the claims raised in the petition. *Dotson v. Clark,* 900 F.2d 77, 78-79 (6th Cir. 1990); *Kramer v. Jenkins,* 800 F.2d 708 (7th Cir. 1986) (§ 2241 petition); *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985) (§ 2255 petition). Normally, in order to receive bail pending a decision on the merits, the petitioner must be able to show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir.

1993) (quoting *Dotson,* 900 F.2d at 79 (in turn quoting *Aronson v. May,* 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers))); *see also Morgan v. United States,* 25 F.3d 1049 (table), No. 93-2267, 1994 WL 182141, at **1 (6th Cir. May 11, 1994) (unpublished). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d at 871. Both exceptional circumstances and a substantial likelihood of success on the petition must exist to warrant the granting of bail. *Morgan*, 1994 WL 182141, at **1.

Petitioner asserts that he does have a substantial claim, specifically that his appellate counsel was constitutionally ineffective. As exceptional circumstances, he argues that he is serving time for an offense for which he should not have been convicted, and he has already served six years of his sentence. He further submits that the federal court's two year delay in adjudicating this case entitles him to release on bond pending disposition of his petition.

Petitioner has not persuaded the Court that he has a substantial likelihood of success on the ineffective assistance of appellate counsel claims asserted in his petition. Because the evidence against petitioner was so strong, it will be difficult for him to demonstrate that any alleged deficient conduct on the part of counsel prejudiced the outcome of his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Ohio Court of Appeals described the evidence as follows:

> The evidence presented by the state was that Allen kicked the door down to gain access to the prosecuting witness's apartment, jumped on top of her, and stabbed her fifteen times with a knife in the neck and chest area. The prosecuting witness was the mother of Allen's child and testified that she had a clear view of his face during the attack. The prosecuting witness's daughter awoke and witnessed the attack. Further, a neighbor testified that she heard the prosecuting witness shouting during the attack, "Reggie, don't do this . . . ."

(Doc. 10, Ex. 12).

Petitioner has also not demonstrated that exceptional circumstances exist. All habeas petitioners can allege that they are serving sentences that they should not be serving. While bail has been granted when a petitioner's sentence is so short that

his entire sentence may run before he obtains habeas corpus relief, *see Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.), *cert. denied,* 506 U.S. 955 (1992), this is not the situation here because petitioner's sentence does not expire until the year 2017.  Moreover, delay by the district court in deciding the habeas corpus petition does not warrant bail.  *Landano,* 970 F.2d at 1240; *Chadwick v. Andrews,* No. CIV. A. 97-4680, 1997 WL 792884, at *3 (E.D. Pa. Dec. 23, 1997);   *Morgan*, 1994 WL 182141, at **2.  *But cf. Salerno v. United States,* 878 F.2d 317 (9th Cir. 1989) (exceptional circumstances may include an "unusual delay in the appeal process").

 Accordingly, petitioner's motion for release on bail (Doc. 2) is DENIED.


Date:  March 8, 2004              S/David S. Perelman
                            David S. Perelman
                            United States Magistrate Judge


J:\ROSENBEH\2254(2004)\01-810bail.wpd