UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Reginald Allen,
 Petitioner

vs              Case No. 1:01cv810
                 (Dlott, J.; Perelman, M.J.)

Alan Lazaroff,
 Respondent

**ORDER**

  Petitioner, an inmate in state custody at the Madison Correctional Institution in London, Ohio, has filed through counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1997 convictions for aggravated burglary and attempted aggravated murder. (*See* Doc. 1).

  Petitioner alleges that his appellate counsel was constitutionally ineffective for failing to raise four issues: 1) the improper use of prior bad acts by the prosecution, 2) prosecutorial misconduct in closing argument, 3) the improper imposition of maximum consecutive sentences and failure to merge aggravated burglary and attempted aggravated murder as allied offenses for sentencing purposes, 4) the ineffectiveness of trial counsel in failing to raise these issues and trial counsel's failure to use medical records to impeach the victim. (*Id*.).

  The basis for petitioner's prosecutorial misconduct claim includes a statement made by the prosecutor challenging the possibility that another individual perpetrated the crime (Doc. 1, Supporting Memorandum at 5), a statement that the assailant went directly to the victim's room (*id.*), and a statement urging the jury not to let petitioner dissuade them from a conviction in the same

way that he dissuaded the victim from pursuing prior charges of domestic abuse (*id.* at 6).

In his return of writ, respondent asserts that petitioner's claims lack merit, and includes selected portions of the trial transcript and state court record. (Doc. 9). Respondent does not include a copy of the sentencing hearing, although he refers to the hearing in his answer. (*See* Doc. 9 at 28). In his answer, respondent also does not address two of petitioner's claims:  1) Appellate counsel was ineffective for failing to identify as error the trial court's failure to merge aggravated burglary and attempted aggravated murder as allied offenses for sentencing purposes, and  2) appellate counsel was ineffective for failing to raise trial counsel's failure to use medical records to impeach the victim. (*See* Doc. 9). Finally, respondent indicates that the Ohio Court of Appeals considered petitioner's claims of prosecutorial misconduct in closing argument and addressed them on the merits. (Doc. 9 at 20). There is no citation to the record by respondent to support this assertion. The Court could not find a reference to these *specific* claims of prosecutorial misconduct in closing in either petitioner's application for reopening or the decision of the Ohio Court of Appeals. (*See* Doc. 10, Exs. 21, 25).

Review of the complete transcript of the trial and sentencing hearings would be helpful to this Court in adjudicating petitioner's claims which may be addressed on the merits. Because only portions of the transcript are contained in the record submitted to the Court by respondent, respondent is hereby ORDERED to provide this Court with the entire transcript described above within twenty (20) days of the date of filing of this Order.

Respondent is further ORDERED within the same time to answer the allegations that appellate counsel was ineffective for failing to identify as error the trial court's failure to merge aggravated burglary and attempted aggravated murder as allied offenses  for sentencing purposes, and that appellate counsel was ineffective for failing to raise trial counsel's failure to use medical records to impeach the victim.

Respondent is further ORDERED within the same time to identify where in the state court record petitioner raises and the state court addresses the instances of prosecutorial misconduct asserted in the petition or to expand the record to include such portions of the state court record.

      A complete state court record including a complete transcript of the state court proceedings, and a full briefing of all the issues raised will ensure a more reliable result in these proceedings for habeas corpus relief.

      IT IS SO ORDERED.


Date: <u>March 8, 2004</u>                   <u>S/David S. Perelman</u>
                                                                     David S. Perelman
                                                                     United States Magistrate Judge


J:\ROSENBEH\2254(2004)\01-810transclaim.wpd