FILED
COURT OF APPEALS

JAN 29 1999

JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO | + | |
| plaintiff-appellee | + | |
| -vs- | + | APPEAL NUMBER  C-990046 |
| | + | (SUCCESSOR TO C-971102) |
| REGINALD ALLEN | + | TRIAL COURT NUMBER B-9706964 |
| defendant-appellant | + | |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

BRIEF OF DEFENDANT-APPELLANT

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++


HERBERT E. FREEMAN   [0005364]
Counsel for Appellant
620 American Building
30 East Central Parkway
Cincinnati, Ohio  45202-1118
(513) 381-8115  FAX 381-8153


MICHAEL K. ALLEN   [0025214]
Counsel for Appellee
230 East Ninth Street
Suite 8000
Cincinnati, Ohio  45202
(513) 946-3210  FAX 946-3017

JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY, OHIO
1999 JAN 29 P 12: 01
FILED

EXHIBIT
8

# TABLE OF CONTENTS

page

STATEMENT OF THE CASE ....................................... 3

    a) Procedural Posture ................................... 3

    b) Statement of Facts .................................. 4


SINGULAR ASSIGNMENT OF ERROR ................................ 7

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
DEFENDANT-APPELLANT IN THAT IT CONVICTED HIM
BASED UPON A SHOWING OF INSUFFICIENT EVIDENCE,
AND IN THAT HIS CONVICTION WAS AGAINST THE
WEIGHT OF THE EVIDENCE.

ISSUE PRESENTED FOR REVIEW & ARGUMENT

An appellate court must reverse a decision
where there is a showing that the trial
court lacked substantial evidence upon which
it could reasonably conclude that the
defendant was guilty beyond a reasonable doubt.

Where the evidence weighs heavily against
conviction, an appellate court may exercise
its discretionary power and grant a new trial.

AUTHORITIES CITED:

State -vs- Thomas (1982), 70 Ohio St. 2nd 79,                7
    434 N.E. 2nd 1356

State -vs- Eley (1978), 56 Ohio St. 2nd 169,                 7
    383 N.E. 2nd 132

State -vs- DeHass (1967), 10 Ohio St. 2nd 230,               7
    227 N.E. 2nd 212

State -vs- Barnes (1986), 25 Ohio St. 3rd 203,               8
    495 N.E. 2nd 922

Article IV, Section 3(B)(3) of the Constitution             8
    of the State of Ohio

CONCLUSION ................................................. 8

CERTIFICATION .............................................. 9

AMENDED SENTENCING ENTRY, NUNC PRO TUNC TO 12-09-97......... 10

FELONY SENTENCING FINDINGS ..............................11-13

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

STATE OF OHIO

   plaintiff-appellee

   -vs-

REGINALD ALLEN

   defendant-appellant

APPEAL NUMBER    C-990046

TRIAL COURT NUMBER    B-9706964

BRIEF OF DEFENDANT-APPELLANT

STATEMENT OF THE CASE

a)  Procedural Posture:

Defendant-appellant Reginald Allen was indicted in a five count
indictment for:

   1)  aggravated burglary, §2911.11 O.R.C. [felony 1st degree]

   2)  attempted aggravated murder, §2923.02 & §2923.01 O.R.C. [same]

   3)  felonious assault, §2903.11(A)(1) [felony 2nd degree]

   4)  felonious assault, §2903.11(A)(2) [same]

   5)  domestic violence, §2919.25 [felony 5th degree]

On November 18th of 1997 and by agreement of counsel Magistrate
Richard Bernat presided as a jury was selected, the assigned trial
judge being unavailable.  On November 19th through 21st trial took
place before the Hon. Richard A. Niehaus, Judge, Court of Common
Pleas in and for Hamilton County.  Ultimately the defendant was

convicted of all counts, and sentencing took place on the 9th of December of 1997. Defendant was sentenced to ten (10) years on count one, consecutive to ten (10) years on count two, credit 98 days served. Counts three (3), four (4) and five (5) were found to be allied offenses, and thus no additional sentences were deemed to be appropriate.

Defendant was determined to be indigent, and counsel was appointed to perfect his appeal. He filed his notice of appeal and docketing statement in timely fashion, and he is now otherwise properly before the court.

b)  Statement of Facts:

Defendant Reginald Allen has a four-year-old child by the prosecuting witness, Deborah Shepherd. On or about the 18th of September of 1997 it is indisputed that someone broke into Ms. Shepherd's apartment, climbed on top of her while she slept and stabbed her in various locations between the neck and the waist approximately fifteen (15) times. She also suffered several defensive wounds to her hands and forearms. One of her children was sleeping in her bed with her at the time of the attack, and another child (defendant's daughter Alexis) also saw the attacker.

Defendant by stipulation was determined to have a 1988 domestic violence conviction, involving a woman other than this prosecuting

witness. Furthermore on the 27th of August of 1997 police made a domestic violence radio run to Ms. Shepherd's apartment, and filled out a complaint identifying the suspect as Reginald Allen. On that occasion, defendant (who was not arrested at the scene) allegedly told the prosecuting witness that he was going to "get her". Testimony was elicited at trial that the defendant through intermediaries was attempting to reestablish his long-term relationship with Ms. Shepherd. The prosecuting witness was now involved at some level with a boyfriend named "Willie", and defendant allegedly was jealous. A temporary protection order was in place flowing from the August 27th incident at the time the incident at issue before this court took place.

The defendant raised the affirmative defense of alibi, and was in compliance with the procedural protocol outlined in Rule 12.1, Ohio Rules of Criminal Procedure. He stated that at the time of the commission of this assault he was at home at 1347 Avon Drive in Cincinnati, Ohio. James Allen, defendant's father, testified that he ate dinner with the defendant and then lifted weights with him until approximately 1:30 AM. He stated that around 6:30 AM he got up and drove the defendant to traffic court, at which time  defendant received  a sentence of six months of electronic-monitored probation. Defendant's car was supposedly inoperable.

Jacqueline Allen, the defendant's mother, testified that she was sure that her son was home from approximately 7:15 PM until approximately 2:30 AM. She stated that the alleged victim called her son around 11:00 PM, presumedly about child-related issues. Ms. Allen testified that she has never seen her son owning or possessing a hooded dark sweat shirt, similar to the one described by Deborah Shepherd.

Ricardo Allen, defendant's twenty year old brother, testified that he shared a room with the defendant. He said that on the night of the incident he went out around 1:30 AM and got back around 2:00 or 2:30 AM, at which time he woke up the defendant and shared some alcohol with him while they talked. He stated that they talked until 3:50 or 4:00 AM, and Reggie was there all the time. During this period, he stated that the defendant was wearing jeans and a t-shirt. The prosecutor categorized this coincidental interaction of the brothers as "convenient".

The defendant elected to testify in his own behalf. He admitted that in 1988 he was convicted of misdemeanor domestic violence, involving a different woman. He said that he did not know why the prosecuting witness would charge him with this offense, and he maintained that the children may have simply been repeating back the identification that they had heard their mother make when they marked him out as the perpetrator.

Calvin Barrett testified as a prosecution witness that around 1:30 AM he had driven the defendant to Hawaiian Terrace, but he also stated that when defendant returned nothing was suspicious.

## SINGULAR ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-
APPELLANT IN THAT IT CONVICTED HIM BASED UPON A SHOWING OF
INSUFFICIENT EVIDENCE, AND THAT HIS CONVICTION WAS AGAINST
THE WEIGHT OF THE EVIDENCE.

## ISSUE PRESENTED FOR REVIEW & ARGUMENT

An appellate court must reverse a decision where there is a
showing that the trial court lacked substantial evidence upon
which it could reasonably conclude that defendant was guilty
beyond a reasonable doubt.

Where the evidence weighs heavily against conviction, an
appellate court may exercise its discretionary power and
grant a new trial.

The test to determine the sufficiency of the evidence of the

evidence is whether reasonable minds can reach different

conclusions as to whether each element of the offense was

proved beyond a reasonable doubt.  State -vs- Thomas (1982),

70 Ohio St. 2nd 79, 434 N.E. 2nd 1356;  State -vs- Eley (1978),

56 Ohio St. 2nd 169, 383 N.E. 2nd 132.  This is true, regardless

of the fact that the weight to be given the evidence and the

credibility of witnesses are primarily issues for the trier of

facts.  State -vs- DeHass (1967), 10 Ohio St. 2nd 230,

227 N.E. 2nd 212.  Sometimes even when viewing evidence in a

light most favorable to the prosecution it is unclear that the

appellant committed the underlying offense.

In <u>State</u> -vs- <u>Barnes</u> (1986), 25 Ohio St. 3rd 203, 495 N.E. 2nd 922

a similar test was applied by the court in reviewing both weight

and sufficiency of evidence.  At page 209 the <u>per curiam</u> opinion

of the Ohio Supreme Court read:

> "In a criminal case a verdict cannot be said as a
> matter of law to be manifestly against the weight
> or sufficiency of the evidence where substantial
> evidence is offered by the state is support of all
> the elements of the offenses charged, and if such
> evidence was of sufficient probative value to
> sustain a conviction."

However although reviewing courts cannot arbitrarily substitute

their judgment for that of the trier of facts nevertheless where

by unanimous vote the reviewing court agrees that reasonable minds

can be said to differ as to how the criminal activity allegedly

took place then a trial judgment may be reversed.  This is the

concept described in Article IV, Section 3(B)(3) of the

Constitution of the State of Ohio.

CONCLUSION

Appellant submits that the judgment in this case must be

reversed, with this cause remanded for additional relief.

_Herbert C. Freeman_

Herbert E. Freeman  [0005364]
Trial Attorney for Appellant
620 American Building
30 East Central Parkway
Cincinnati, Ohio  45202-1118
(513) 381-8115  FAX 381-8153

## CERTIFICATION

I certify that an exact copy of this pleading was hand-delivered to the usual place of business of Michael K. Allen, Hamilton County Prosecutor, on the filing date time-stamped hereon.

_Herbert C. Freeman_

Herbert E. Freeman

# THE STATE OF OHIO, HAMILTON COUNTY
## COURT OF COMMON PLEAS

date: **01/08/99**
code: **GJEI**
judge: **33**

Entered
Date: 1-8-99
Image: 394

Judge: **RICHARD A NIEHAUS**

NO: **B 9706964**

### STATE OF OHIO
### VS.
### REGINALD ALLEN

**AMENDED SENTENCE ENTRY TO
COMPLY WITH CRIMINAL RULE 32B
(NUNC PRO TUNC TO 12-9-97)**

Defendant was present in open Court with Counsel **DAVID D DONNETT** on the **9th day of December 1997** for sentence.

The court informed the defendant that, as the defendant well knew, **after trial by jury, the defendant has been found guilty** of the offense(s) of:
count 1: AGGRAVATED BURGLARY, 2911-11A1/ORCN,F1
count 2: ATTEMPTED AGG. MURDER, 2923-02A/ORCN,F1
*THE COURT FINDS THAT COUNTS 3, 4 & 5 ARE ALLIED OFFENSES AND ARE HEREBY DISMISSED.*
count 3: FELONIOUS ASSAULT, 2903-11A1/ORCN, DISMISSAL
count 4: FELONIOUS ASSAULT, 2903-11A2/ORCN, DISMISSAL
count 5: DOMESTIC VIOLENCE, 2919-25A/ORCN, DISMISSAL

The Court afforded defendant's counsel an opportunity to speak on behalf of the defendant. The Court addressed the defendant personally and asked if the defendant wished to make a statement in the defendant's behalf, or present any information in mitigation of punishment.

Defendant is sentenced to be imprisoned as follows:
count 1: CONFINEMENT: 10 Yrs DEPARTMENT OF CORRECTIONS
count 2: CONFINEMENT: 10 Yrs, Credit 98 Days DEPARTMENT OF CORRECTIONS
TO BE SERVED CONSECUTIVELY TO COUNT 1.
(TOTAL CREDIT OF 98 DAYS GIVEN)
*THE APPEAL TIME SHALL RUN AS OF THE FILING DATE OF THE AMENDED ENTRY.*

A TRUE COPY OF THE ORIGINAL
ENTERED 1-8-99 IMAGE 394
ATTEST JAMES CISSELL
CLERK.
BY
DEPUTY
DATE 1-27-99

Defendant was notified of the right to appeal as required by Crim. R 32(A) (2)

Parent Case Id: 4250088



Page 1

CMSG306

HAMILTON COUNTY, OHIO

CRIMINAL DIVISION

STATE OF OHIO                    :        No. _B·9706964_

          Plaintiff             :        Judge _Niethus_

    vs.                         :        COURT ENTRY

_Reginald Allen_                :        **FELONY SENTENCING FINDINGS**

          Defendant            :

FACTORS RELEVANT TO SENTENCING (Check appropriate blanks and specify count numbers).

Having considered the overriding purpose of sentencing, punishment of offenders and protection of public from future crime, and having considered incapacitation, deterrence, rehabilitation and restitution to achieve those purposes in accordance with R.C. §2929.11, the Court makes the following sentencing findings:

COUNT #        APPLICABLE

(1)        BALANCE "MORE SERIOUS" 2929.12(B)

        (A)--Victim's age or physical mental condition exacerbated injury
        (B)--Victim suffered serious physical,emotion,psychological harm
        (C)--Offender's public office or position of trust played part
        (D)--Offender's law enforcement occupation/elected office
        (F)--Offender's elected office or profession facilitated act
        (G)--Offender's relationship to victim facilitated act
        (H)--Act was for hire or organized crime
        (I)--Motivated by race,ethnic,gender/sex/religious prejudice

_1,2_ _____        ✓

(2)        WITH "LESS SERIOUS" FACTORS 2929.12(C)

        (A)--Victim induced or facilitated offense
        (B)--Offender strongly provoked
        (C)--Didn't cause/ expect to cause physical harm person/property
        (D)--Substantial mitigating grounds

_N/A_

(3)        BALANCE RECIDIVISM LIKELY 2929.12(D)

        (A)--Offender under a type of court control
        (B)--Prior delinquency or convictions
        (C)--Unsuccessful probation/parole
        (D)--Unacknowledged substance abuse pattern
        (E)--No remorse
        (F)--Other relevant factor:_____

_1,2_ ✓
_1,2_ ✓
_1,2_ ✓

(4)        WITH RECIDIVISM NOT LIKELY 2929.12(E)

        (A)--Offender not previously delinquent
        (B)--No previous convictions
        (C)--Law abiding for a number of years
        (D)--Circumstances unlikely to recur
        (E)--Genuine remorse
        (F)--Other relevant factor:_____

_N/A_

COMMENTS: _____

PRIOR OFFENSES: _____

_____

(5)  IMPOSE PRISON ON F-1,F-2 UNLESS ALL APPLY 2929.13(D):

(A)--Non-prison does not demean seriousness of offense;
(B)--Non-prison will adequately punish offender and protect public;
(C)--Decreasing seriousness factors outweigh increasing seriousness
(D)--There is less likelihood of recidivism.

(6)  BEFORE PRISON FOR F-4,F-5 FIND AT LEAST ONE 2929.13(B):

(A)--Physical harm to a person
(B)--Attempt or threat with a weapon
(C)--Attempt or threat of harm and previous conviction for physical harm
(D)--Public trust, office or position
(E)--Act was for hire, or organized crime
(F)--Sex offense
(G)--Previous prison term served
(H)--Offender under community control at time of offense

AND

(I)--Offender is not amenable to community control

AND

(J)--Prison is consistent with sentencing purposes

(7)  PRISON TERM MORE THAN MINIMUM for a first time prison term when shortest term alone would: 2929.14(B)

--Demean the seriousness of the offense

AND

--Not adequately protect public

(8)  BEFORE IMPOSING MAXIMUM TERM, FIND THAT OFFENDER:
(AT LEAST ONE) 2929.14(C)

(A)--Has committed the worst form of the offense
(B)--Poses the greatest likelihood of recidivism
(C)--Is a Repeat Violent Offender

OR

(D)--Is a Major Drug Offender

*assault or several domestic violence convictions numerous D V charge*

(9)  BEFORE IMPOSING EXTRA 10 YEARS BEYOND MAXIMUM
BASIC PRISON TERM: 2929.14(D)

(A)--Make finding of RVO or MDO

AND

(B)--Simple basic maximum term is insufficient to punish offender and protect the public because at least one seriousness factor outweighs likelihood that offender will refrain from future crime

AND

(C)--A simple maximum would demean the seriousness of the offense because
(D)--Offender's conduct is more serious than conduct normally constituting the offense

(10)  FOR CONSECUTIVE TERMS: FIND AT LEAST ONE 2929.14(E)(3)

(A)--Offender was under community control when offense was committed
(B)--Harm caused was great or unusual
(C)--Offender's criminal history requires consecutive sentence

AND

(D)--Consecutives are necessary to fulfill purpose of R.C. 2929.11

(11)  MANDATORY PRISON  2929.13(F)

(12)  POST RELEASE CONTROL 2929.19

(13)  SENTENCE WAS AGREED UPON BY DEFENDANT AND STATE

(14) PRISON SANCTION:

(A) FIREARM SPECIFICATION:
TERM _____ years
(1, 3, 5, 6 yrs mandatory and consecutive)

(B) MANDATORY DRUG FINES
AMOUNT $ _____
(1 2 the max for each degree)

(C) FINES: $ _____

(D) DRIVER'S LICENSE SUSPENSION
TERM _____

(E) COURT COSTS _____

(F) CREDIT FOR TIME SERVED
AMOUNT _____ 98 _____ DAYS

Upon consideration of all the foregoing factors, IT IS THEREFORE ORDERED AND ADJUDGED by the Court that the defendant shall be sentenced as follows:

On Count _1_, for the offense of _Aggravated Burglery_, a violation of R.C. § _2911.(R)1_ a felony of the _9 1_ degree, IT IS HEREBY ORDERED that defendant serve a term of _10_ years in prison, of which _0_ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925 in addition to any sanctions imposed under item 14 herein. _Consecutive_

On Count _2_, for the offense of _attempted aggravated murder_, a violation of R.C. § _2923.07(A)_ a felony of the _1 st_ degree, IT IS HEREBY ORDERED that defendant serve a term of _10_ years in prison, of which _0_ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925 in addition to any sanctions imposed under item 14 herein. _Consecutive_ _All other offenses are allied & defendant sentenced to 10_

On Count ___, for the offense of _____, a violation of R.C. § _____ a felony of the _____ degree, IT IS HEREBY ORDERED that defendant serve a term of _____ years in prison, of which _____ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925. in addition to any sanctions imposed under item 14 herein.

On Count ___, for the offense of _____, a violation of R.C. § _____ a felony of the _____ degree, IT IS HEREBY ORDERED that defendant serve a term of _____ years in prison, of which _____ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925. in addition to any sanctions imposed under item 14 herein.

(For additional counts see attached worksheet)

(15) COMMUNITY CONTROL SANCTION:

(A) FINES: $ _____

(B) MANDATORY DRUG FINES
AMOUNT $ _____

(C) RESTITUTION: $ _____

(D) DRIVER'S LICENSE SUSPENSION
TERM _____

(E) COURT COSTS _____

IT IS HEREBY ORDERED AND ADJUDGED that on count(s) _____, for the offense(s) of _____, violation(s) of R.C. § _____ felony(s) of the _____ degree, in addition to any sanctions imposed under item 15 herein, the defendant shall serve _____ [LENGTH OF SENTENCE] of community control, specifically:

_____ Community service of _____ hours
_____ Monitored time of _____ (term)
_____ Electronic monitoring for _____ (term)
_____ Work release for _____ (term)
_____ Correctional treatment facility for _____ (term)
_____ Correction center for _____ (term)
_____ Hamilton County Justice Center for _____ (term)
_____ Other _____

(enter terms of the residential, nonresidential or financial sanction)

The defendant was notified of his/her right
to appeal as required by Crim. R. 32(A)(2).

_____
Judge

The defendant shall be transported by the Hamilton County Sheriff Deputies
to the Ohio Department of Rehabilitation for imposition of sentence.