COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

FILED
COURT OF APPEALS
JUN 2 2 1999
JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. C-990046 |
| Plaintiff-Appellee | : | [Trial Court. No. B-976964]<br>[Related Appeal C-971102] |
| vs. | : | |
| REGINALD ALLEN | : | |
| Defendant-Appellant | : | |

COS
T

## BRIEF OF PLAINTIFF-APPELLEE

Michael K. Allen (0025214P)
Prosecuting Attorney

**Philip R. Cummings** (0041497P)
Assistant Prosecuting Attorney

230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3012
Fax No. (513) 946-3021

COUNSEL FOR PLAINTIFF-APPELLEE

FILED
JUN 23 3 07 PM '99
JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY, OH

**Herbert E. Freeman** (0005364)
Attorney at Law
620 American Building
30 East Central Parkway
Cincinnati, Ohio 45202-1118
(513) 381-8115

COUNSEL FOR DEFENDANT-APPELLANT

EXHIBIT
11

# TABLE OF CONTENTS

Page

STATEMENT OF THE CASE

    a) Procedural Posture: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.
    b) Statement of Facts: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

FIRST ASSIGNMENT OF ERROR

    THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN
    THAT IT CONVICTED HIM BASED UPON A SHOWING OF INSUFFICIENT
    EVIDENCE, AND THAT HIS CONVICTION WAS AGAINST THE WEIGHT OF
    THE EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

    ISSUE PRESENTED FOR REVIEW AND ARGUMENT

    (1)    Evidence presented at trial is legally sufficient when a trier of fact
        could reasonably find that the state has produced evidence to support
        each element of the offense charged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

AUTHORITIES CITED:

State v. Thompkins (1997), 78 Ohio St.3d 380, at 386, 678 N.E.2d 541 . . . . . . . . . . . . 4.
State v. Eley, (1978) 56 Ohio St.2d 169, 383 N.E.2d 132. . . . . . . . . . . . . . . . . . . . . . . . 5.
State v. Martin, (1983) 20 Ohio App.3d 172, 485 N.E.2d 717 . . . . . . . . . . . . . . . . . . . 5.
U.S. v. Powell, 469, U.S. 57, 105 S. Ct. 471 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.
O.R.C. §2911.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.
O.R.C. §2911.11(A)(1) & (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.
State v. Brooks, (1995) 101 Ohio App.3d 260, 655 N.E.2d 418 . . . . . . . . . . . . . . . . . . 5.
State v. Clelland (1992) 83 Ohio App.3d 474, 615 N.E.2d 276. . . . . . . . . . . . . . . . . . . 5.
State v. Green, (1984) 18 Ohio App.3d 69, 480 N.E.2d 1128. . . . . . . . . . . . . . . . . . . . 5.
State v. Levingston, (1995) 106 Ohio App.3d 433, 666 N.E.2d 312 . . . . . . . . . . . . . . . 5.
State v. Kilby, (1977) 50 Ohio St.2d 21, 361 N.E.2d 1336. . . . . . . . . . . . . . . . . . . . . . 6.
O.R.C. §2923.11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.
State v. Woods, (1976) 48 Ohio St.2d 127, 357 N.E.2d 1059. . . . . . . . . . . . . . . . . . . . 6.
State v. Lamb, (December 21, 1994) Hamilton App. No. C-940111, unreported . . . . . . 6.
R.C. §2903.11(A)(1) & (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7..
R.C. §2901.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.
State v. Walker, (1976) 47 Ohio St.2d 52. 351 N.E.2d 195. . . . . . . . . . . . . . . . . . . . . . 7.
State v. Box, (1993) 89 Ohio App.3d 614, 626 N.E.2d 996 . . . . . . . . . . . . . . . . . . . . . 7.
R.C. §2919.25(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.
R.C. §2919.25(E)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT

(2)    Weight of the evidence is best left to the trier of fact and should not be
disturbed on appeal unless there has been a manifest miscarriage of justice. ... 8.

AUTHORITIES CITED:

State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541 .............. 8.
State v. Dehass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. .................... 9.
State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. ................... 9.

SECOND ASSIGNMENT OF ERROR

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS UNDER THE UNITED
STATES CONSTITUTION. ............................................. 10.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT

The presumption of Counsel's effectiveness is not overcome unless the Defendant
demonstrates that counsel's performance fell below a reasonable standard and that
the failure to properly represent the defendant altered the outcome of the trial. ..... 10.

AUTHORITIES CITED:

Strickland v. Washington (1984), 446 U.S. 668, 104 S.Ct. 2052. ................. 10.
State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373 ................... 10.
State v. Napier (1995), 105 Ohio App.3d 713, 664 N.E.2d 1330 ................ 10.

THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN THE SENTENCING
PHASE OF THE PROCEEDING THUS VIOLATING DEFENDANT'S EIGHTH
AND FOURTEENTH AMENDMENT RIGHTS. ........................... 12.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT

The trial court's imposition of the maximum sentence is within the permissible range
for first degree felonies, complied with the applicable Revised Code sections and is
supported by the record. ............................................... 12.

AUTHORITIES CITED:

State v. Richmond, C-970518 (1ˢᵗ Dist. C Ohio App. 3/13/98), unreported . . . . . . 12, 13.
O.R.C. Sections 2929.11 and 2929.12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.
O.R.C. Section 2929.14(A)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12..

FOURTH ASSIGNMENT OF ERROR

THE DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE OF
PROSECUTORIAL MISCONDUCT IN VIOLATION OF THE FOURTEENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . 14.

ISSUES PRESENTED FOR REVIEW AND ARGUMENT

The Defendant in this pro se assignment of error asserts claims that are not
prosecutorial misconduct, but questions dealing with weight and sufficiency of the
evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14.

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.

APPENDIX - Unreported cases attached.

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

STATE OF OHIO                         :        NO. C-990046
                                                       B-9706964
      Plaintiff-Appellee          :

    vs.                                    :

REGINALD ALLEN                       :        BRIEF OF PLAINTIFF-APPELLEE

      Defendant-Appellant         :

## STATEMENT OF THE CASE

**a) Procedural Posture:**

    This is an appeal from convictions for Aggravated burglary (R.C. §2911.11(A)(1)) (Ct.1), Attempted Aggravated Murder (R.C. §2923.02(A)) (Ct.2), Felonious Assault (R.C. §2903.11(A)(1)) (Ct.3), Felonious Assault (R.C. §2903.11(A)(2)) (Ct.4), and Domestic Violence (R.C. §2919.25(A) (Ct. 5).

    Reginald Allen (hereinafter referred to as Defendant) was arrested and charged with the above offenses on September 19, 1997. The Grand Jury returned a five count indictment encompassing the above charges on September 26, 1997. A jury was impaneled and the trial began on November 19, 1997. On November 21, 1997, the jury returned a guilty verdict on all charges, and the Defendant was sentenced on December 9, 1997, to the DOC for ten (10) years on both count one (1) and count two (2) to run consecutively (credit 98 days); counts three, four, and five, were merged with count two as allied offenses.

A timely notice of appeal was filed on December 22, 1997, and from the judgment of the trial court, this case now stands before this Court on appeal.

**b) Statement of Facts:**

On September 18, 1997, at approximately 3:30 a.m., the Defendant kicked open the door to Debbie Shepard's apartment, and entered. (T.p. 149). He then went into her bedroom, climbed on top of her, and pinned her to the bed at knife point. (T.p. 150). Debbie screamed and pleaded, but to no avail. (T.p. 151). The Defendant stabbed her with the knife approximately 15 times in her neck and chest area. (T.p. 151). As a result of trying to protect herself from the Defendant's blade, she received multiple defensive wounds on her arms and hands as well. (T.p. 156).

The victim testified that there is no question in her mind as to the identity of the assailant. (T.p. 153). She had a clear view of his face and body during the attack, and the two had a prior relationship and a child together. Debbie was very familiar with the Defendant. (T.p. 154).

Her testimony was corroborated by a number of witnesses during the trial. First, her daughter Kristen, was an eye witness to the violent assault. (T.p. 189). On the night of the attack, Kristen woke up to her mother screaming "stop, Reggie, don't do this." (T.p. 189). She got out of bed, and ran into her mother's bed room. (T.p. 190). She witnessed the Defendant on top of her mother stabbing her with a knife. (T.p. 190).

Further, Debbie's neighbor, Stacy Tidwell, testified on the night of the attack, she heard screams coming from Debbie's apartment. (T.p. 135-136). Specifically, she heard Debbie yell, "Reggie, don't do this ... why are you doing this." (T.p. 136). Acting upon what she heard, Stacy immediately went to call the police. (T.p. 136). She heard footsteps of a person quickly fleeing the building, but she never saw the Defendant. (T.p. 136).

2.

The Defendant took the stand to testify in his own defense, and he denied all the allegations. (T.p. 258-270). During the Defendant's testimony, it became clear that he has had numerous problems with Domestic Violence in the past. (T.p. 271). He has been charged with Domestic Violence five times in the past; four of those charges were dropped. However, in 1988, he was convicted of Domestic Violence. (T.p. 272). In this particular instance, the court sentenced him to probation at first, but before he left the court house, he assaulted the victim again. (T.p. 272-279). He was taken back to the court room and sentenced to thirty days in the Justice Center. Id.

In the case at bar, the jury convinced the defendant on all of the above charges; from the judgment of the trial court this case stands before this Court on appeal.

## FIRST ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN THAT IT CONVICTED HIM BASED UPON A SHOWING OF INSUFFICIENT EVIDENCE, AND THAT HIS CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE.**

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT

(1)     **Evidence presented at trial is legally sufficient when a trier of fact could reasonably find that the state has produced evidence to support each element of the offense charged.**

### ARGUMENT

The Defendant claims the trial court erred in that his convictions for Aggravated Burglary, Attempted Aggravated Murder, two counts of Felonious Assault, and Domestic Violence are all against the manifest weight of the evidence, and insufficient to sustain a verdict as a matter of law. However, the state will show the Defendant's claim is without merit. The first issue before the Court is whether the trial court's decision is insufficient as a matter of law.

The law in Ohio is well settled on the point of when it is appropriate to reverse judgment on the sufficiency of the evidence. Pursuant to State v. Thompkins, the Supreme Court of Ohio has determined that:

> 'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law ... In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.

State v. Thompkins (1997), 78 Ohio St.3d 380, at 386, 678 N.E.2d 541. Generally, a reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. State v. Eley, (1978) 56 Ohio St.2d

4.

169, 383 N.E.2d 132. Furthermore, the reviewing court should view the evidence and the inferences reasonably drawn therefrom, in the light most favorable to the prosecution. State v. Martin, (1983) 20 Ohio App.3d 172, 485 N.E.2d 717. In sum, the sufficiency of evidence involves an assessment by the reviewing court of whether evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt. U.S. v. Powell, 469, U.S. 57, 105 S. Ct. 471 (1984).

The fist sub-issue addresses whether the Defendant's conviction for Aggravated Burglary was supported by sufficient evidence as a matter of law. Aggravated Burglary, as defined by the Ohio Revised Code Section 2911.11, states:

> No person by means of force ... shall ... trespass in an occupied structure ... when another person other than an accomplice of the offender is present, with the purpose to commit in the structure any criminal offense, if any of the following apply: (1) The offender inflicts ... physical harm on another, (2) The offender has a deadly weapon ... on or about the offender's person or under the offender's control.

R.C. §2911.11(A)(1) & (2).

First, the Defendant's act of kicking the door open to gain access to Debbie's apartment, is clearly defined by the statute as using force. See State v. Brooks, (1995) 101 Ohio App.3d 260, 655 N.E.2d 418. Second entering of Debbie's apartment without her consent is trespassing as defined by the Code. See State v. Clelland (1992) 83 Ohio App.3d 474, 615 N.E.2d 276. Third, Debbie's apartment clearly qualifies as an occupied structure under the statute. See generally State v. Green, (1984) 18 Ohio App.3d 69, 480 N.E.2d 1128. Fourth, the notion that the Defendant went into the dwelling with the intent to commit a crime, is evidenced by the fact he jumped on top of her and stabbed her fifteen times. State v. Levingston, (1995) 106 Ohio App.3d 433, 666 N.E.2d 312. Further, because the Defendant attacked Debbie in her apartment, it is clearly evident the offense

5.

was committed in her presence. See State v. Kilby, (1977) 50 Ohio St.2d 21, 361 N.E.2d 1336.

Finally, a knife is clearly a deadly weapon as defined by Revised Code Section 2923.11. State v.

Deboe, (1977) 62 Ohio App.2d 192, 406 N.E.2d 536.

In conclusion, by breaking through Debbie's door and attacking her with a deadly weapon,

the Defendant has committed Aggravated Burglary as defined by Ohio law. It follows all of the

elements of this crime are satisfied in the record and the Defendant's conviction for Aggravated

Burglary should be affirmed.

The Second Sub-issue is whether the Defendant's conviction for Attempted Aggravated

Murder was supported by sufficient evidence as a matter of law. Attempt, as defined by the Ohio

Supreme Court, requires the defendant to have taken a substantial step in a course of conduct

planned to culminate in the commission of a Crime; further, the conduct must strongly corroborate

the defendant's criminal purpose. State v. Woods, (1976) 48 Ohio St.2d 127, 357 N.E.2d 1059. This

Court has held that when a defendant enters an apartment by force, and attacks the victim in an

extremely violent manner, the evidence is sufficient to support a conviction for attempted murder.

State v. Lamb, (December 21, 1994) Hamilton App. No. C-940111, unreported.

In the case at bar, it is clear the Defendant took a substantial step in a course of conduct

planned to culminate in the death of Debbie Shepherd. His actions, jumping on top of her and

stabbing her approximately fifteen times in the neck and chest area, strongly corroborate the actor's

criminal purpose (his intent to kill her). This court has held in the past, that evidence of this type

of violent attack is sufficient to support an Attempted Murder verdict, and it should do so again. All

of the elements of Attempted Aggravated Murder have been satisfied, and it therefore follows that

the conviction should be affirmed.

6.

The third sub-issue is whether there is sufficient evidence to support a conviction of two counts of Felonious Assault. Felonious Assault, as defined by Revised Code Section 2903.11, states that: No person shall knowingly cause serious physical harm to another ... by means of a deadly weapon." R.C. §2903.11(A) (1)&(2). A person acts knowingly regardless of his purpose when:

> when he is aware that his conduct will probably cause a certain result
> or will probably be of a certain nature. A person has knowledge
> when he is aware that such circumstances probably exist.

R.C. §2901.22. It is well settled that under Ohio law, a knife is a deadly weapon. <u>State v. Walker</u>, (1976) 47 Ohio St.2d 52. 351 N.E.2d 195. Finally, merely striking someone with an object that causes blood to pour down over the victim's body is sufficient to establish all of the elements of felonious assault. <u>State v. Box</u>, (1993) 89 Ohio App.3d 614, 626 N.E.2d 996. As applied to the case at bar, it is common sense to assume the Defendant was fully aware that stabbing someone with a knife can cause severe injuries; he therefore acted knowingly. The injuries the victim received, putting her in the hospital and leaving her permanently disfigured, easily satisfy the serious physical harm element. Finally, by attacking the victim with a knife, the Defendant satisfied the deadly weapon element. It follows that the record clearly reflects sufficient evidence to support a conviction for Felonious Assault, and the conviction should therefore be affirmed.

The fourth sub-issue is whether there is sufficient evidence to support a conviction for Domestic Violence under Revised Code Section 2919.25(A). Domestic violence is defined as the causing of physical harm to a family or household member. <u>See</u> R.C. §2919.25(A). A household member is defined as, amongst other possibilities, "the natural parent of any child of whom the offender is the other natural parent." R.C. §2919.25(E)(b).

7.

As applied in the case at bar, Debbie and the Defendant have a daughter together. Thus, she falls within the statute. It is clear the Defendant caused serious physical harm to Debbie stated previously. Thus, all the elements of Domestic Violence have been satisfied and the conviction should be affirmed.

## ISSUE PRESENTED FOR REVIEW AND ARGUMENT

(2)    **Weight of the evidence is best left to the trier of fact and should not be disturbed on appeal unless there has been a manifest miscarriage of justice.**

## ARGUMENT

The Defendant claims the trial court erred in that his convictions for Aggravated Burglary, Attempted Aggravated Murder, Felonious Assault, and Domestic Violence were also against the manifest weight of the evidence.

The law in Ohio is well settled on the point of when it is appropriate to reverse judgment on the manifest weight of the evidence. Pursuant to State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, the Ohio Supreme Court has determined that the:

> weight of the evidence concerns the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.

Id. Furthermore, the court reviewing this question determines whether the State has appropriately carried its burden of persuasion by considering and weighing all of the evidence produced at trial. Id. According to the Ohio Supreme Court, in applying this standard of review, the question of

8.

credibility of conflicting testimony and the weight to be accorded certain evidence are matters left primarily to the tier of fact. State v. Dehass, (1967) 10 Ohio St.2d 230, 227 N.E.2d 212. And finally, reversal of a conviction based on the weight of the evidence should only be done in exceptional cases. Id., State v. Martin, (1983) 20 Ohio App.3d 172, 485 N.E.2d 717.

In the case at bar the convictions are clearly supported by the weight of the evidence. To corroborate the testimony of the victim, the daughter of the defendant and the victim offered eye witness testimony conveying how she watched daddy stab mommy on the bed. Further, the next door neighbor testified she heard all this going on and she specifically heard the defendant's name screamed during the fray. The Defendant's credibility was cast into doubt by the fact that he has been charged with Domestic Violence five times in the past, and was convicted of Domestic Violence in 1988. Finally, his alibi story and witnesses were less than convincing.

The jury must determine how much weight to accord to conflicting testimony, and it is clear from the outcome of this case they believed the victim. The state clearly carried its burden of persuasion in this case, and in light of the fact that cases should only be reversed on the weight of the evidence under exceptional circumstances, the decision of the trial court should be affirmed.

## SECOND ASSIGNMENT OF ERROR

**APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.**

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT

**The presumption of Counsel's effectiveness is not overcome unless the Defendant demonstrates that counsel's performance fell below a reasonable standard and that the failure to properly represent the defendant altered the outcome of the trial.**

### ARGUMENT

The next issue is whether Defendant's representation at trial was ineffective, thereby prejudicing his ability to receive a fair trial.

For the Defendant's claim of ineffective counsel to succeed, he must satisfy the two-pronged test set out by the United States Supreme Court in Strickland v. Washington (1984), 446 U.S. 668, 104 S.Ct. 2052. The test requires the Defendant show: 1) counsel's representation fell below an objective standard of reasonableness and 2) he was prejudiced as a result of his counsel's action or inaction. Id.; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

In examining the actions of trial counsel, courts must indulge a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 2065. Also, "a showing of prejudice does not solely depend on whether the outcome of the trial would be different but for counsel's error. The appropriate standard involves an inquiry into whether counsel's performance renders the result of the trial or the proceeding fundamentally unfair." State v. Napier (1995), 105 Ohio App.3d 713, 664 N.E.2d 1330 (quoting Lockhart v. Fretwell (1993), 113 S.Ct 838, 844).

The record in this case shows Defendant's trial counsel acted as a zealous advocate and put on a vigorous defense. Trial counsel conducted the trial professionally and through a variety of witnesses put on an alibi defense for the Defendant. Trial counsel wrote a brief and argued the final three counts were allied offenses, thus lessening the potential time the Defendant could spend in jail. (T.p. 374-375). Further, he presented mitigating factors at the sentencing stage. (T.p. 374-375). There is no evidence trial counsel's presumption of reasonable conduct is overcome. The Defendant fails to satisfy the first part of the Strickland test.

Even assuming arguendo, the Defendant does satisfy the first part of the test, there is no indication of prejudice as the Defendant contends. Trial counsel did not seek to have testimony or evidence suppressed because he had no basis for doing so. Further, the Defendant is not automatically entitled to a suppression or other motion hearing without cause to have one. There is no indication anywhere in the record Defendant suffered from a mental disorder and certainly trial counsel would have alluded to it at trial or sentencing if a problem existed. The weapon used to stab Debbie was never recovered by the police or entered into evidence. Debbie as an eyewitness identified the type of weapon used to harm her and the pictures of her wounds taken at the hospital confirm her story. There was no need to call an expert witness to testify to what was evident. Finally, Defendant's trial counsel agreed to stipulate to the prior conviction for Domestic Violence.

There is no evidence in the record trial counsel made any of the mistakes the Defendant claims. This is the reason appellate counsel declined to raise this issue for him.

All of the Defendant's contentions of error by counsel are unsupported and unfounded. He fails to satisfy the two-part Strickland test and this assignment of error should be found to be without merit.

11.

## THIRD ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION IN THE SENTENCING PHASE OF THE PROCEEDING THUS VIOLATING DEFENDANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS.**

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT

**The trial court's imposition of the maximum sentence is within the permissible range for first degree felonies, complied with the applicable Revised Code sections and is supported by the record.**

### ARGUMENT

The Defendant was convicted of aggravated burglary and attempted aggravated murder. The trial court imposed the maximum sentence of ten years for each count and ran the two sentences consecutively. He fully explained the reasoning behind these sentences.

Pursuant to State v. Richmond, C-970518 (1st Dist. C Ohio App. 3/13/98), unreported, the Defendant is entitled to de novo review because he received the maximum sentence. This Court set forth a three-part test to use in reviewing maximum sentences. First, the Court determines if the sentence is within the permissible range. Second, the Court must ascertain the trial court complied with O.R.C. Sections 2929.11 and 2929.12. Finally, the Court must make sure the that the record supports the trial court's findings.

The permissible range for a first degree felony is a term from three to ten years pursuant to O.R.C. Section 2929.14(A)(1). The trial judge in this case sentenced the Defendant to ten years on each count. Each of the counts was a first degree felony and this is within the acceptable range prescribed. Further, the trial judge complied with the mandates of Revised Code Sections 2929.11 and .12 and the proper procedures. This is set out for the Court in his felony sentencing findings sheet and in the record. (T.p. 376-377). Finally, there is ample evidence in the record to support the trial court's finding he had committed the worst from of the offense. The Defendant was on

probation for a prior offense, had been convicted of numerous other offenses including Domestic Violence and attacked his former girlfriend and mother of his child, repeatedly stabbing her in the chest and arms with a knife.

The trial court was clearly within the sentencing limits for each count, considered the prescribed factors pursuant to Sections 2929.11 and .12 and the conclusions and findings made are supported by the record. The three part test set out in <u>Richmond</u> is satisfied and the Appellant's assignment of error should be overruled.

## FOURTH ASSIGNMENT OF ERROR

**THE DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE OF PROSECUTORIAL MISCONDUCT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

### ISSUES PRESENTED FOR REVIEW AND ARGUMENT

**The Defendant in this pro se assignment of error asserts claims that are not prosecutorial misconduct, but questions dealing with weight and sufficiency of the evidence.**

### ARGUMENT

In his final assignment of error, the Defendant alleges various instances of prosecutorial misconduct. However, the claims he asserts are weight and sufficiency of the evidence questions. They do not pertain to prosecutorial misconduct. As such, the State contends this assignment of error is without merit and refers the Court to its response to Defendant's first assignment of error.

14.

## CONCLUSION

Appellee submits that the judgment below must be affirmed.

Respectfully,

Michael K. Allen (0025214)
Prosecuting Attorney


Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
Phone: (513) 946-3012
Attorneys for Plaintiff-Appellee


## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of the foregoing Brief of Plaintiff-Appellee to all parties or counsel of record this 23rd day of June, 1999.


Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

15.



**LEXIS·NEXIS'**
**Xchange**

Sources  Clients  Options  History  ECLIPSE™  Sign-Off  Help



Source: OH Cases, Combined
Type: Boolean FREESTYLE [tm]
C-940111

**Search**
**Get a Document**
**Check a Citation**

New Search

prev ◄ Document 1 of 1 ► next

FOCUS! Save As ECLIPSE

KWIC™

More Like This | More Like Selected Text

Text Only | Print, Download, Email, Fax

*1994 Ohio App. LEXIS 5720, ***

STATE OF OHIO, Plaintiff-Appellee, v. LOUIS LAMB, JR., Defendant-Appellant.

APPEAL No. C-940111

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

1994 Ohio App. LEXIS 5720

December 21, 1994, Decided
December 22, 1994, Filed

**NOTICE:** [*1] THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**PRIOR HISTORY:** Criminal Appeal From: Hamilton County Court of Common Pleas. TRIAL NO. B-936599.

**DISPOSITION:** Judgment Appealed From is: Affirmed

**CORE TERMS:** mistrial, apartment, bed, rape, bedroom, manifestly, aggravated, purposely, burglary, awakened, evening, semen, neck, abuse of discretion, decision to grant, stealth, assignments of error, assignment of error, evidence adduced, attempted murder, probative value, sanitary napkin, police officer, sexual conduct, jury trial, three-year-old, perpetrator, convinced, occupied, offender

**COUNSEL:** Joseph T. Deters, Prosecuting Attorney, No. 0012084, and L. Susan Laker, Esq., No. 0000431, Hamilton County Courthouse, Court & Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee.

H. Fred Hoefle, Esq., No.0001717, 4400 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202-3016, for Defendant-Appellant.

**JUDGES:** SHANNON, P.J., KLUSMEIER and M.B. BETTMAN, JJ.

**OPINION BY:** PER CURIAM

O P I N I O N: DECISION.

PER CURIAM.

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignments of error, the briefs and arguments of counsel.

The defendant-appellant, Louis Lamb, Jr., has taken the instant appeal from the judgment of the court below convicting him, following a jury trial, on one count of aggravated burglary, one count of attempted murder, and one count of rape. Lamb, in assignments of error numbered [*2] one through nine, alleges that his convictions on the three offenses were manifestly against the weight and the sufficiency of the evidence adduced at trial. In his tenth assignment of error, Lamb argues that the trial court erred when it overruled his motion for a mistrial. Finding none of the assignments to have merit, we affirm the judgment of the trial court.

On June 12, 1993, the victim, Stephanie Poage, and her boyfriend, Steven Schmidt, spent the evening watching television at her apartment located on Grand Avenue in Cincinnati. At approximately 1:45 a.m., Schmidt left the apartment to go home and Poage undressed and got into bed with her three-year-old son, Scott. A short time later, Poage heard noises emanating from a hallway in the apartment, followed by the appearance of Lamb at the doorway of her bedroom. Poage was acquainted with Lamb as he had previously lived in the building. Poage convinced Lamb to leave and she again locked the door to the apartment and went back to bed. As Poage was beginning to fall asleep, Lamb again appeared in her bedroom and, without warning or provocation, jumped onto the bed and began choking Poage with such force and ferocity that she lost [*3] consciousness. When she awakened, Lamb was seated on the edge of her bed. When Poage raised her head, Lamb began choking her, again to the point where she was rendered unconscious.

When Poage awakened later that morning her neck was numb and she experienced difficulty breathing. Poage was able to walk into the bathroom, where a mirror revealed that the strap from her purse was wrapped tightly around her neck. Poage also noticed that her panties were missing; that a sanitary napkin she had been wearing the night before was on the floor; and that her son had a bruise on the side of his face. Her attempt to summon the police was frustrated by the fact that the telephone had been unplugged from the wall. Poage put on a pair of shorts and along with her son ran to a convenience store where an unidentified person telephoned the police and paramedics. Poage was taken to the hospital and was provided medical treatment for bruises on her neck, cuts on her chin and a broken blood vessel in her eye. In addition, a rape exam was performed, which revealed genital trauma. Annette Davis, a serologist with the Hamilton County Coroner's Laboratory, conducted tests on samples of semen found on Poage, [*4] her shorts and the bedding, and indicated that Lamb could not be excluded as the person who was, in fact, the source of the semen.

Lamb was subsequently arrested and charged with one count each of aggravated burglary, attempted murder and rape. After a jury trial was conducted, Lamb was found guilty as charged.

Lamb alleges, in assignments of error one through nine, that his convictions for the three offenses were manifestly against the sufficiency and weight of the evidence adduced at trial. We disagree.

In *State v. Barnes* (1986), 25 Ohio St.3d 203, 209, 495 N.E.2d 922, 927, the Ohio Supreme Court stated

the following rule:

> In a criminal case a verdict can not be said as a matter of law to be manifestly against the weight or sufficiency of the evidence, where substantial evidence is offered by the state in support of all of elements of the offenses charged, and if such evidence was of sufficient probative value to sustain a conviction, the reviewing court will not reverse on the sufficiency or weight of the evidence.

The elements of aggravated burglary are contained in R.C. 2911.11(A), which provides in pertinent part that:

> No person, by force, [*5] stealth or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, * * * with purpose to commit therein * * * any felony, when any of the following apply:
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

* * *

> (3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

R.C. 2923.02, which in conjunction with R.C. 2903.02 defines the offense of attempted murder, prohibits any person from purposely engaging in conduct which, if successful, would constitute the offense of murder.

With respect to the charge of rape, the elements are set forth in R.C. 2907.02(A)(2) as follows:

> No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

Here, the state presented compelling evidence that Lamb, by stealth and force, entered Poage's apartment and bedroom and attacked her in such a violent manner that she lost consciousness. Lamb argues, however, that the state failed [*6] to prove that he engaged in sexual conduct with Poage. Under the circumstances, it certainly was unlikely that Poage, after being choked into a comatose state, could recall with any degree of certainty that Lamb had, in fact, continued his attack by sexually assaulting her. There was evidence presented at trial, albeit circumstantial, that Poage had been raped and that Lamb was the perpetrator of that crime. Specifically, Poage testified that her panties were removed from her body and that a sanitary napkin she had worn to bed that evening was on the floor of her bedroom when she awakened the next morning. Moreover, the rape exam conducted at the hospital revealed that Poage had sustained genital trauma and, also, that semen was present in and about her

body. Indeed, the evidence, when considered in its entirety, demonstrated that when Lamb surreptitiously entered the apartment on that evening, he did so with the intent to rape Poage, and that when he violently choked Poage, first with his hands and later with the purse strap, he purposely engaged in conduct, which, if successful, would have caused her death.

Under these circumstances, we are persuaded that the state offered substantial [*7] evidence in support of all of the elements of the charged offenses, and that such evidence was of sufficient probative value to sustain Lamb's convictions for those crimes.

In his tenth assignment of error, Lamb alleges that the trial court erred when it overruled his motion for a mistrial.

In support of this assignment, Lamb argues that a prosecution witness, a police officer, while testifying at trial, acted improperly when she deliberately referred to inadmissible evidence before the jury. This assignment is overruled.

The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. A trial court may grant a mistrial *sua sponte* or on the motion by the parties when "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *State v. Abboud* (1983), 13 Ohio App.3d 62, 468 N.E.2d 155, 156, quoting *United States v. Perez* (1824), 22 U.S. 579, 6 L.Ed 165. An appellate court will not reverse a trial court's decision to grant or deny a motion for a mistrial absent an abuse of discretion. *Cleveland v. Walters* (Oct. 13, 1994), [*8] Cuyahoga App. No. 66999, unreported. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary or unconscionable manner. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

In the instant case, the state was unable to qualify Poage's three-year-old son, Scott, as a witness competent to testify at trial. Apparently, due to his age and other unspecified factors, he had difficulty communicating with other persons. In any event, during direct examination the prosecutor questioned police officer Linda Day about any questions she may have posed to Scott. Day replied, "I asked Scott if he saw his mom get hurt and he nodded yes." Based upon this statement, Lamb moved for a mistrial.

We do not agree that the trial court abused its discretion when it denied Lamb's motion for a mistrial. Even assuming that Day's response was improper and constituted hearsay, we are not convinced that Lamb suffered any prejudice as a result of the remark. Clearly, Poage was the victim of a savage attack and the statement attributed to Scott, without disclosing the identity of the perpetrator, merely confirmed [*9] the occurrence of that tragic incident. In addition, Poage, during her testimony, had already identified Lamb as the person who had attacked her while she slept in her bed.

Under these circumstances, we hold that the trial court properly overruled Lamb's motion for a mistrial.

Accordingly, the judgment of the trial court is affirmed.

SHANNON, P.J., KLUSMEIER and M.B. BETTMAN, JJ.



**LEXIS·NEXIS**
**Xchange**

Sources  Clients  Options  History  ECLIPSE™  Sign-Off  Help  

Source: OH Cases, Combined
Type:  Boolean FREESTYLE [tm]
C-970518

**Search**

**Get a Document**

**Check a Citation**

New Search

prev ◄ Document 1 of 1 ► next

 KWIC™

FOCUS! Save As ECLIPSE          More Like This | More Like Selected Text          Text Only | Print, Download, Email, Fax

SHEPARD'S®  ⓘ          *1998 Ohio App. LEXIS 970, \**

STATE OF OHIO, Plaintiff-Appellee, v. SHARON RICHMOND, Defendant-Appellant.

APPEAL No. **C-970518**

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

1998 Ohio App. LEXIS 970

March 13, 1998, Decided

**NOTICE:** [*1]  THESE ARE NOT OFFICIAL HEADNOTES OR SYLLABI AND ARE NEITHER APPROVED IN ADVANCE NOR ENDORSED BY THE COURT. PLEASE REVIEW THE CASE IN FULL.

**PRIOR HISTORY:** TRIAL NO. B-9700308.

**DISPOSITION:** Judgment affirmed.

**CORE TERMS:** sentencing, felony, sentence imposed, prison term, assignment of error, maximum sentence, endangering, sentence, worst, burns

**HEADNOTES:** SENTENCING

**SYLLABUS:**

The trial court's imposition of the maximum term of imprisonment for child endangering was not contrary to law and was supported by the evidence, which showed that the defendant had committed the worst form of the offense.

**COUNSEL:** Joseph T. Deters, Prosecuting Attorney, and Sherry Green, for Plaintiff-Appellee.

Faulkner & Tepe, LLP, and A. Norman Aubin, for Defendant-Appellant.

**JUDGES:** Marianna Brown Bettman, Judge. SUNDERMANN, P.J., and GORMAN, J., concur.

OPINIONBY: MARIANNA BROWN BETTMAN

OPINION: MEMORANDUM DECISION AND JUDGMENT ENTRY.

*Marianna Brown Bettman, Judge.*

Defendant-appellant Sharon Richmond appeals from the sentence imposed on her by the trial court for child endangering, to which she pleaded guilty. This crime, a violation of R.C. 2919.22(A), is a felony of the third degree, which carries no presumption for or against a prison term. Richmond's sole assignment of error is that the trial court erred in giving her the maximum sentence for this offense. [*2] We disagree. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 We have sua sponte removed this case from the accelerated calendar.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Under the new sentencing guidelines now subject to appellate review, Richmond is entitled to de novo sentencing review because she received the maximum prison term for the offense for which she was convicted. R.C. 2953.08(A)(1)(a). We have reviewed the entire record in this case, including the presentence-investigation report, the transcript from the sentencing hearing, and the court's written felony sentencing findings.

In an appeal of a criminal sentence pursuant to R.C. 2953.08(A)(1)(a), our review is threefold. First, we must determine whether the law provides for the sentence imposed. R.C. 2953.08(G)(1)(d). Under R.C. 2929.14, the court may impose a five-year sentence of incarceration for child endangering.

Next, we must determine whether the trial court complied with the purposes and principles of sentencing under R.C. 2929.11 and 2929.12 and followed the appropriate procedure in sentencing the defendant [*3] to a prison term. R.C. 2929.13(C). The felony-sentencing-findings report demonstrates that the court did follow the correct procedure and considered the relevant factors, although the court erroneously checked certain sections of the sentencing form that do not apply to this case. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 The trial court made certain felony sentencing findings that apply only to fourth- and fifth-degree felonies. These were erroneous for the offense with which Richmond was charged, but irrelevant and therefore harmless.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Finally, we must determine whether the record supports the findings of the trial court in selecting the sentence imposed. R.C. 2929.08(G)(1)(a). We hold that it does.

Before imposing the maximum sentence, the court must find at least one of the factors set forth in R.C. 2929.14(C). In this case, the court found that Richmond had committed the worst form of the offense. This finding is clearly supported by the evidence.

The facts in this case were egregious. Richmond's son, who is both mentally and [*4] physically handicapped, suffered third-degree burns at the hands of Richmond's boyfriend, who placed the child in a bathtub full of scalding water as a form of punishment. Richmond sought no form of help and did nothing for twelve hours while her son suffered and finally died from the burns.

The record demonstrates that the trial court appropriately considered all pertinent statutory factors, and the record manifestly supports the court's conclusions: that the victim's mental and physical condition exacerbated the injury; that the victim suffered serious physical, emotional and psychological harm; that the offender's relationship to the victim facilitated the act, and that these factors were not offset by any less serious factors. The court's additional finding, that this was a serious violation of parental duties, although inserted on the wrong place on the form, is clearly supported by the record. Thus, we find no abuse of discretion in the court's imposition of the maximum term, based on the ultimate finding that the defendant had committed the worst form of the offense.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

And the Court, [*5] being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.

*Judgment affirmed.*

SUNDERMANN, P.J., and GORMAN, J., concur.

---

FOCUS| Save As ECLIPSE          More Like This | More Like Selected Text          Text Only | Print, Download, Email, Fax

KWIC™

prev ◄ Document 1 of 1 ► next

| | |
|---|---|
| **Menu:** | Ohio Library |
| **Source:** | OH Cases, Combined |
| **Search Terms:** | number(c-970518) |
| **View:** | FULL |
| **Date/Time:** | Wednesday, June 23, 1999 - 11:41 AM EDT |

Search | Get a Document | Check a Citation

Sources | Clients | Options | History | ECLIPSE | Feedback | Sign-Off | Help

About LEXIS-NEXIS | Terms and Conditions

Copyright © 1999 LEXIS-NEXIS, a division of Reed Elsevier Inc. All rights reserved.