*Defendant-*
*Petitioner*

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
GENERAL DIVISION

STATE OF OHIO           :    CASE NO. B-97 06964

   Plaintiff           :    JUDGE: NEIHAUS, RICHARD, A.

vs.                     :    <u>PETITION TO VACATE OR SET ASIDE
                             SENTENCE PURSUANT TO O.R.C. §2953.21</u>
REGINALD ALLEN          :

   Defendant           :    <u>[Evidentiary Hearing Requested]</u>

Now comes the Petitioner, Reginald Allen, and hereby petitions this Court for post-conviction relief pursuant to **Ohio Revised Code §2953.21**. The reasons for the petition are that there were denials and infringements of Petitioner's rights as to render the judgment and conviction void under the United States and Ohio Constitutions.

Respectfully submitted,

*Reginald Allen*
REGINALD ALLEN
P.O. Box 7010 #352-308 RCI
Chillicothe, Ohio 45601

Petitioner pro se

FILED AUG 6 9 13 AM '99
JAMES CISSEL
CLERK OF COURTS
HAMILTON COUNTY, OH

### JURISDICTIONAL FACTS

On September 26, 1997, the Hamilton County grand jury returned an indictment charging Petitioner with five counts: Aggravated Burglary [RC§ 2911.11(A)(1)] (Ct.1); Attempted Aggravated Murder [RC§ 2923.02(A)] (Ct.2); Felonious Assault [RC§ 2903.11(A)(1)] (Ct.3); Felonious Assault [RC§ 2903.11(A)(2)] (Ct.4); and Domestic Violence [RC§ 2919.25(A)] (Ct.5).

2. Petitioner Reginald Allen was arrested on September 19, 1997 in connection with the above charges regarding his ex-live-in girlfriend, Deborah

EXHIBIT 14

12. On December 22, 1997, Notice of Appeal was filed timely. On January 14, 1998, appellate counsel was appointed [4] and the appeal was designated Hamilton County Appeal No. C-97 1102.

13. On February 23, 1998, the trial court ordered a complete transctript of the proceedings for use in the direct appeal by all parties.

14. On December 12, 1998, the appeal was dismissed without briefing based upon a defective sentencing entry which was corrected by entry nunc pro tunc during this time period.

15. On january 20, 1999, Notice of Appeal was again filed by Petitioner and the matter was designated Hamilton County Appeal No. C-99 0046.

16. The transcript of proceedings was filed in the Court of Appeals on February 16, 1999.

17. The direct appeal is still pending at this time. There has been no previous petition's filed for postconviction relief under RC §2953.21.

### FIRST CLAIM FOR RELIEF

18. Petitioner reginald Allen hereby incorporates paragraphs (1) through (17) as if fully rewritten herein.

19. Petitioner's conviction and sentence are void or voidable as he was denied the effective assistance of counsel and due process of law in that trial counsel Donnett had ample evidence available that was exculpatory and impeaching in nature and **was not** utilized during the trial.

20. As this case was based upon alibi defense the Prosecutor relied heavily upon identification testimony Deborah Shepherd.

21. Petitioner's counsel had information regarding a witness that could offer critical motive evidence as to why Deborah Shepherd would allege false charges against Petitioner. Anthony Clayborn possessed the knowledge of Deborah Shepherd's

---

[4] Attorney Herbert Freeman was ordered to "replace" attorney Steve Werke as appellate counsel; it is unclear why this replacement was done from the record.

underlying motivation for making false accusations against Petitioner. Trial counsel was aware of the Anthony Clayborn testimony and failed to ensure that said evidence was offered for the defense at trial.

22.   Anthony Clayborn was a willing witness and did not evade subpoena or shirk appearance at trial. The salient fact is that no real attempt was made by defense counsel to secure Anthony Clayborn's presence at the trial.

23.   Trial counsel, upon query by the Petitioner regarding the Anthony Clayborn appearance and testimony, informed Petitioner that he [counsel] had spoken to Clayborn via telephone, and that Clayborn had made the comments that he [Clayborn] "had nothing to testify about." [5]

24.   Considering the prosecution's case-in-chief consisted primarily of the identification testimony of Deborah Shepherd, the failure to secure the attendance and testimony of Anthony Clayborn for impeachment purposes at trial must be considered beneath any acceptable level of representation, and constitutes ineffective assistance of counsel as a matter of law.

25.   Further, the failure to call Anthony Clayborn as witness for the defense was even more egregious based upon the prosecution's heavy reliance upon the other bad acts evidence of domestic violence incidents. The Clayborn testimony would have clarified why Deborah Shepherd was upset with Petitioner and explained her motivation to fabricate the accusations against Petitioner.

26.   Trial counsel had available a witness [Clayborn] who could have seriously damaged the credibility of the prosecution's "star" witness, Deborah Shepherd, thereby defusing the prosecution's case. See affidavits of Petitioner and Anthony Clayborn.

---

[5] This paraphrase is quoted to the best of Petitioner's memory of the conversation between trial counsel and Petitioner during the trial. See affidavit of Anthony Clayborn which is offered as exhibit in support of this petition. If the affidavit is not attached hereto, Petitioner will supplement petition at the earliest opportunity as the affidavit becomes available as RC § 2953.21 requires the petition to be filed within 180 days after the transcript is filed in the appellate court.

4

27. Despite the Clayborn testimony and its import on Petitioner's defense, trial counsel failed to use it or to secure Clayborn for the trial without reasonable explanation. In fact, trial counsel, when faced with the dilemma of explaining to Petitioner why Clayborn was not subpoenaed or called, misrepresented to Petitioner the basis for excluding Clayborn from the defense at trial.

28. Trial counsel's failure to use this impeaching and exculpatory evidence constitutes ineffective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

## SECOND CLAIM FOR RELIEF

29. Petitioner Reginald Allen hereby incorporates paragraphs (1) through (28) as if fully rewritten herein.[6]

30. Petitioner's conviction and sentence are void or voidable in that he was denied effective assistance of counsel when counsel failed to object to the prosecution's introduction of "other bad acts" evidence that were non-germane, irrelevant, and prejudicial in nature and by the presentation of other irrelevant evidence that was improperly admitted.

31. The prosecution started its case by opening with comments regarding alleged domestic violence incidents that occurred prior to the alleged incident giving rise to the offenses for which the Petitioner was on trial. The transcript

---

[6] Petitioner expressly reserves the right to present this issue under RC §2953.21 and under the Appellate Rule 26(B) [Murnahan] Application For Reopening as it can arguably be presented as dehors the record based upon the fact that counsel did not object to the introduction of the evidence; or, it could be argued that it is a matter of record. Either way, the Petitioner will suffer the State's contention of res judicata. Therefore, the circumstances demand that the issue be presented within this petition and the Petitioner reserves the right to either amend, remove, or otherwise argue the issue as the circumstances demand.

is replete with examples of the presecution's citations and references to other "bad acts" evidence. Specifically see Transcript at Volume II, Pages 94-95 and Volume III, Pages 318-320.

32.  Evidence Rule 404 prohibits the admissibility of character and "other acts" evidence to determine that a defendant acted in conformity with such character or "other acts". Evidence Rule 404(B) allows "evidence of other crimes, wrongs, or acts to be admitted for purposes such as proof of motive, opportunity, intent, preparation, plan, knpwledge, identity, or absence of mistake or accident." To meet the test of admissibility under Evidence Rule 404(B) the "other acts" must be offered for a purpose as stated under rule and be material to the case. In this case, there was no 404(B) exception stated or proffered by the prosecution.[7]

---

[7] The Supreme Court has held that evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he is on trial is not admissible to show that the defendant acted in conformity with his bad character. See State v. Mann (1985), 19 Ohio St.3d 34, 36; State v. Curry (1975), 43 Ohio St.2d 66; State v. Burson (1974), 38 Ohio St.2d 157; State v. Hector (1969), 19 Ohio St.2d 167. Other Ohio courts have reversed numerous cases in which irrelevant and prejudicial evidence has been presented to the jury since the introduction of said evidence seriously draws into question the fairness of the proceedings. State v. Covrett (Franklin Co, 1993), 87 Ohio App.3d 534 (other crimes involving defendant's similar criminal history improperly admitted); State v. Flaherty (Franklin Co. 1992), 78 Ohio App.3d 718 (admission of other acts evidence that was prejudicial in nature and admission of other improperly admitted evidence constituted reversible error); State v. Smith (Muskingum Co. 1977), 59 Ohio App.2d 194 (other acts evidence violated fair trial rights despite strong evidence of guilt); State v. Williams (Clermont Co. 1969), 21 Ohio App.2d 184 (other acts evidence denied defendant-husband fair trial in trial for offenses against his wife).

Most recently, the Ohio Supreme Court reversed a murder conviction when it determined that the defendant was denied a fair trial because the prosecution was permitted to introduce evidence of his bad acts and bad character. State v. Johnson (1994), 71 Ohio St.3d 332. The Ohio Supreme Court reasoned that defendant's hatred of women "indicates evidence of a character trait, and under Evidence Rule 404(A), evidence of a character trait may not be used to prove that a person acted in conformity therewith on a particular occassion." Id. See Evidence Rule 404(A) & (B).

The Ohio Supreme Court made it perfectly clear in State v. Mann, supra, that "generally the prosecution is forbidden to introduce initially evidence of the accused's bad character, unless and until the accused gives evidence of his good character."

This case exemplifies the negative effects the Ohio Supreme Court chastised in the above cited cases as the prosecution clearly utilized the Petitioner's history of alleged domestic violence against the alleged victim [Deborah Shepherd] to the point of nausea. There is little question that the jury was effected by the introduction of the "other acts" evidence in this case, and there can be no dispute that trial counsel was ineffective in not advocating the Petitioner's defense to preclude the introduction of such irrelevant and prejudicial evidence. There was no effort made to protect the Petitioner's right to a fair trial and due process of law.

6

33. Trial counsel did not object to the introduction or admission of the "other acts" evidence before or during the trial of the case. Indeed, the prosecution opened its case with references to the "other acts" and continued to introduce overwhelming evidence of the Prtitioner's prior domestic violence history with the alleged victim, Deborah Shepherd. There was no justification offered to except the evidence under **Evidence Rule 404(B)**.

34. Police Officer's, witnesses, and the prosecution during opening and closing continually repeated the Petitioner's alleged reputation of "other bad acts".

35. There was no basis for the introduction of the "other bad acts" evidence in the case and the only purpose was to inflame the jury and establish Petitioner's propensity to commit violent acts against the alleged victim in the case; precisely what **Evidence Rule 404** was intended to preclude.

36. Based upon the introduction of this "other acts" evidence, there is little wonder Petitioner was convicted. The prosecution was given unfettered ability to destroy the petitioner's character by introduction of evidence that was irrelevant and prejudicial in nature. The petitioner was entitled to a trial where his guilt to the charged offense was adjudicated free and clear of non-germane influence. The Petitioner's trial was based upon his good or bad character.

37. Petitioner's conviction and sentence are void or voidable because he was denied the effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Trial counsel's failure to object to the introduction of the "other bad acts" evidence constitutes ineffective assistance of counsel as a matter of law. The prejudice suffered by Petitioner amounted to an unfair trial wherein evidence inadmissible as a matter of law reached the jury and effected the outcome of the trial to the Petitioner's woe.

## DEMAND FOR RELIEF

WHEREFORE, Petitioner Reginald Allen requests the following relief:

A.  As to paragraphs (1) through (37) declare that the conviction and sentence be void and that petitioner be granted a new trial;

B.  That this Court grant Petitioner evidentiary Hearing pursuant to RC § 2953.21;

C.  For such other relief as the Court may deem just and appropriate in the premises.

Respectfully submitted,

*Reginald Allen*
REGINALD ALLEN
P.O. Box 7010 #352-308 RCI
Chillicothe, Ohio 45601


STATE OF OHIO
COUNTY OF ROSS          S.S.: STATEMENT OF VERITY OF REGINALD ALLEN

I, Reginald Allen do hereby attest that the foregoing information and pleadings contained within the instant petition for post-conviction relief are true and correct as I verily believe.

I further attest that this is a verified petition under RC 2953.21.

AFFIANT FURTHER SAYETH NAUGHT.

SWORN THIS  3Rd  DAY OF  August , 1999.

*James M. Jacobs*                              *Reginald Allen*
NOTARY PUBLIC                                  REGINALD ALLEN  Petitioner-Affiant

JAMES M. JACOBS
Notary Public - State of Ohio
My Commission Expires 11-28-2002

SEAL

8

# APPENDIX

9.  That attorney Donnett misrepresented the facts to me in order to prevent Anthony Clayborn from offering his testimony at the trial of this case.

10. That had Anthony Clayborn been called to testify, there would have been testimony offered to the extent that Deborah Shepherd was jealous about having heard that the Petitioner was seeing other women and had ample motivation for the giving of false accusation and testimony in the criminal matter herein.

STATE OF OHIO
                         S.S.:     AFFIDAVIT OF REGINALD ALLEN
COUNTY OF ROSS

      I, Reginald Allen, being duly sworn, depose and state the following to be true and correct as I verily believe:

1. That I am the Defendant in Hamilton County Court of Common Pleas Case No. B-97-06964 wherein I was represented by attorney David D. Donnett.

2. That I expressly informed attorney Donnett about witnesses whom could offer relevant and critical evidence through testimony at trial; these witnesses included my family members to establish my alibi, and Anthony Clayborn whom could offer testimony regarding why Deborah Shepherd would falsely accuse me of the criminal offenses as alleged within the indictment.

3. That Anthony Clayborn's testimony was absolutely critical to my case as the alleged victim was the only real evidence implicating me to the crime and the Clayborn testimony would seriously impeach the Deborah Shepherd allegations.

4. That attorney Donnett specifically informed me that he had spoken to Clayborn and that he would be subpoena'd for trial.

5. That during the trial, Donnett informed me that Clayborn would not be testifuing based upon an alleged conversation Donnett had with Clayborn wherein Clayborn allegedly told Donnett that he had nothing to testify about.

6. That attorney Donnett specifically told me that Clayborn had informed Donnett through telephone conversation that he [Clayborn] had nothing to testify about.

7. That this representation as set forth above was made during the trial when the Clayborn testimony was needed to impeach the Deborah Shepherd testimony and to establish a motive for Deborah Shepherd's false allegations against me.

8. That it is my belief through subsequent information from Anthony Clayborn that attorney Donnett did not in fact receive information from Anthony Clayborn that he would not in fact testify, or that he did not have anything to offer.

9. That attorney Donnett misrepresented the facts to me in order to prevent Anthony Clayborn from offering his testimony at the trial of this case.

10. That had Anthony Clayborn been called to testify, there would have been testimony offered to the extent that Deborah Shepherd was jealous about having heard that the Petitioner was seeing other women and had ample motivation for the giving of false accusation and testimony in the criminal matter herein.

11. That is misrepresenting the facts of Anthony Clayborn's alleged statements about his testimony, attorney Donnett seriously prejudiced my defense in that I was precluded from impeaching the testimony of the State's "star witness", Deborah Shepherd.

12. That attorney Donnett further failed to object to "other acts" evidence regarding alleged domestic violence incidents, and domestic violence offenses that were inadmissable as a matter of law and prejudiced my defense to the extent that the result cannot be relied upon as reaching a just conclusion.

AFFIANT FURTHER SAYETH NAUGHT.

SWORN BEFORE ME ON THIS __24__ DAY OF __July__, 1999.

_____          _____
NOTARY PUBLIC                            REGINALD ALLEN     Petitioner-Affiant

JAMES M. JACOBS
Notary Public - State of Ohio
My Commission Expires 11-28-2002

2


