IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | CASE NO. B-97-06964 |
| Plaintiff-Respondent | : | JUDGE NIEHAUS |
| vs. | : | |
| REGINALD ALLEN | : | PETITIONER'S RESPONSE TO STATE'S MEMORANDUM IN OPPOSITION TO PETITION FOR POSTCONVICTION RELIEF |
| Defendant-Petitioner | : | |

On August 6, 1999, Petitioner Reginald Allen [hereinafter "Petitioner"] filed a petition for post-conviction relief pursuant to RC §2953.21 without supporting affidavits and/or exhibits. Petitioner specifically stated within the petition that due to RC §2953.21(A)(2) time constraints[1] that the affidavits and documentation supporting the petition would be forthcoming at the earliest possible oppertunity.[2] The State filed Memorandum In Opposition To Petition For Post-Conviction Relief August 19, 1999, alleging/answering 1) that the petition is untimely; 2) that the doctrine of res judicata is applicable as the petitioner could have raised the issues upon direct appeal; and 3) that the claims are unsupported by any evidentiary documents, and thus, must fail as a matter of law.

The Petitioner raised two claims for relief within the petition: 1) ineffective assiatnce of trial counsel in counsel's failure to present available exculpatory evidence; and 2) ineffective assiatance of counsel in counsel's failure to object to "bad acts" evidence during the trial.

The State's claims that the petition is properly denied for the above stated reasons is without merit and must fail.

With respect to the timeliness of the petition, it is well established that a petition under RC §2953.21 is due one hundred and eighty (180) days

after the complete transcript is filed in the court of appeals. RC §2953.21(A)(2). In the instant case, the transcript was filed with the court of appeals on February 18, 1999. See attached **Criminal Appearance Report** at page 4. Calculating time from February 18, 1999, through August 6, 1999, totals one hundred and sixty-nine (169) days; **well within the statutory time limits of a RC §2953.21 petition.**

Second, the doctrine of **res judicata** cannot be applicable to the Petitioner's claims as the claims are in fact based upon issues **dehors** the record. Certainly, the Petitioner could not have raised trial counsel's ineffective assistance based upon failure to present exculpatory evidence and failure to object to the introduction of "bad acts" evidence within the direct appeal as the failures are **not** a part of the record of this case. Even assuming **arguendo** that Petitioner could have raised the claims in the direct appeal, they are still properly raised in a post-conviction petition if they are supported by factual evidence that is not within the record of the case as herein. Post-conviction relief is available **only** for errors based upon facts and evidence (dehors) outside the record. State v. Rodriguez (1989) 65 Ohio App. 3d 151, 583 N.E. 2d 347. Further, the errors must raise violations of constitutional dimension which occurred at the time petitioner was tried and convicted. **State v. Powell (1993) 90 Ohio App. 3d 260, 629 N.E. 2d 13.** It is without question that the claim of ineffective assistance of counsel is a claim of constitutional dimension in any forum under the Sixth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.[3] **State v. Cooperrider (1983) 4 Ohio St. 3d 226.**

Consequently, the State's contentions that the claims presented within the petition are barred by the doctrine of res judicata are fatuous and without merit.

Finally, the State's argument that the claims are unsupported is factual only because the Petitioner is in the arduous process of gathering the affidavits

2

and supporting documentation required to support the claims under the developed caselaw that virtually requires the supporting documentation to prevent summary dismissal. The Petitioner was **required** to file the petition within the time constraints of RC §2953.21 (A)(2) [180 days after the transcript is filed in the court of appeals]; otherwise, the petition would have been deemed untimely, as the State has contended already - without merit. Hence, the Petitioner filed the petition and specifically stated that supporting documentation is forthcoming at the earliest possible time to prevent an untimely filing awaiting the supporting documentation.

The Petitioner's incarceration and indigency seriously impede with his ability to secure affidavits and other documentary evidence in support of his claims as raised in the petition. All communication must be conducted via United States mail. The Petitioner has only collect calling capability in prison and it is without doubt that communication and correspondence with outside individuals is difficult. This Court should afford the Petitioner a **reasonable** opportunity to secure and present supporting documentation to the petition prior to ruling upon the petition based upon the strict time constraints set forth under current RC §2953.21 (A)(2). Due process of law requires that this Court afford the Petitioner adequate time to file supporting documantation as caselaw absolutely requires.[4]

The State's contention that the petition should be dismissed based upon the fact that the petition was filed-timely-without supporting documentation is without merit at this juncture and under the circumstances Petitioner has set forth.

The Petitioner has timely presented a petition specifying the grounds and relief sought. RC §2953.21(A). The Petitioner stated exactly at what point he claims he was deprived effective assistance of counsel in the proceedings and how the deprivations prejudiced him. State v. Lloyd (1966) 8 Ohio App. 2d 155, 220

3

N.E. 2d 840. The petition **does not** have to prove facts, but only allege facts that, if found to be true at a hearing or by the records of the case, would entitle the Petitioner to relief. State v. Perry (1967) 10 Ohio St. 2d 175, 226 N.E. 2d 104.

Caselaw, as discussed above, has virtually required the inclusion of affidavits and documentary evidence in support of the claims to avoid summary dismissal of the petition. See State v. Kapper (1983) 5 Ohio St. 3d 36; State v. Jackson (1980) 64 Ohio St. 2d 107; and State v. Smith (1986) 30 Ohio App. 3d 138. The Petitioner is well aware of the requirements to support the petition to avoid a summary dismissal; however, in light of the modified statute requiring the petition to be filed within the provisions of RC §2953.21 (A)(2), and the fact that the caselaw holdings in Kapper, Jackson, and Smith were all decided and developed **years prior** to the modification of RC §2953.21 to require the petition to be filed within six (6) months of the transcript being filed in the court of appeals, it is only reasonable to permit a Petitioner under RC §2953.21 a reasonable opportunity to supplement the timely filed petition with supporting affidavits and documentary evidence **after** the petition has been filed in the trial court. [5]

This Court should afford the Petitioner herein a reasonable time period to supplement the timely filed petition with supporting affidavits and documentary evidence as required by controlling caselaw above. A court that does not afford a petitioner under RC §2953.21 a reasonable opportunity to supplement the petition denies the petitioner the due process of law as constitutionally guaranteed under the United States and Ohio Constitutions.

Accordingly, the Petitioner, Reginald Allen, hereby moves this Court to afford him a reasonable opportunity to supplement the petition for post-conviction relief filed in these matters with affidavits and documantary evidence **prior** to any ruling or judgments rendered in this matter.

4

Respectfully submitted,

*Reginald Allen*
REGINALD ALLEN
#353-308 P.O. Box 7010
Chillicothe, Ohio 45601

Defendant-Petitioner Pro Se

---

1/

See Petition To Vacate Or Set Aside Sentence at page 4, footnote 5. Further, other affidavits and/or supporting documentation is being sought and will be forthcoming within a reasonable time period.

2/

The Petitioner is currently endeavoring to secure affidavits from trial counsel and several other individuals that support the contentions claimed within the petition. The Petitioner anticipates the affidavits and supporting documentation will be available on/or before October 1, 1999.

3/

The Sixth Amendment to the United states Constitution is made applicable to the individual States by the Fourteenth Amendment.
Effective counsel has been held a constitutional right for so many years in American jurisprudence that it is indeed a fundamental part of due process of law. The test for determining whether counsel's performance is in fact ineffective is established in Strickland v. Washington (1984) 466 U.S. 668.

4/

The issue of a petitioner's right to a reasonable opportunity to present supplemental evidence in support of a petition filed timely under RC 2953.21 has not, to the instant Petitioner's knowledge, been established under Ohio law. Indeed, the Petitioner has not found a single case wherein the issue of the RC 2953.21 time constraints and the caselaw requiring the petition to be filed within six months has been raised to the Ohio Supreme Court or the Ohio District Appellate Court's. Thus, the issue is ripe for adjudication within this State as it raises a constitutional question of considerable magnitude affecting virtually every criminally convicted individual in Ohio.

5/

State v. Kapper; State v. Jackson; and State v. Smith were all decided well before the Ohio Legislature modified RC 2953.21 (A)(2) to require a petition to be filed within 180 days after the transcript is filed in the court of appeals. Indeed, the modified statute has not considered the ramifications of requiring a petitioner to timely file a petition and also require a petitioner to support the petition with affidavits and documentary evidence, often very difficult to obtain by incarcerated individuals, to preclude a summary dismissal. Reason suggests that the caselaw needs to be updated to consider the modified RC 2953.21 requirement to file a petition timely or suffer the inability to file the petition at all.

5

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Response To State's Memorandum In Opposition To Petition For Post-Conviction Relief has been served upon Michael K. Allen and Phillip R. Cummings at 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 via regular U.S. Mail on this 24 day of August, 1999.

REGINALD ALLEN