IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO                           CASE NO. B-97-06964

   Plaintiff-Respondent            JUDGE NIEHAUS

vs.                                     DEFENDANT-PETITIONER'S MOTION FOR
                                        RELIEF FROM JUDGMENT OR ORDER
REGINALD ALLEN                          PURSUANT TO CIV. R. 60 (B)

   Defendant-Petitioner

   Comes now the Defendant-Petitioner, Reginald Allen, and hereby moves this Court for relief from judgment or order dated September 3, 1999, overruling the timely filed petition for postconviction relief under RC 2953.21.

   **Civil Rule 60 (B)** permits this Court to relieve a party from a final judgment or order for (1) mistake, inadvertance, suprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment had been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

   A memorandum in support sets forth the reason for this motion for relief from judgment or order pursuant to **Civ. R. 60 (B)**.

                                                              */s/ Reginald Allen*
                                                      REGINALD ALLEN   #353-308
                                                      P.O. Box 7010 RCI
                                                      Chillicothe, Ohio 45601

                                                      Defendant-Petitioner Pro Se

FILED OCT 1 3 14 PM '99
JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY, OH

EXHIBIT 20

## MEMORANDUM IN SUPPORT

The Petitioner, Reginald Allen, filed a petition for postconviction relief pursuant to RC 2953.21 on August 6, 1999, raising two issues under ineffective assistance of counsel. Trial counsel's failures to present exculpatory evidence and trial counsel's failure to object to "bad acts" evidence. The petition specifically asserted that the petitioner was in the process of obtaining affidavits from a witness that could have offered exculpatory evidence impeaching the state's wotness in this case. The petitioner was forced to file the petition pursuant to RC 2953.21(a)(2) within 180 days after the transcript was filed in the appellate court in the direct appeal. The transcript and record in the direct appeal was filed on February 18, 1999. See exhibit "A", Apprearance Docket, Hamilton County Court System.

Computing time from February 18, 1999, the petition was due for **timely** filing on or before August 17, 1999. Accordingly, the petition was in fact timely filed as a matter of law as it was filed with the clerk's office on August 6, 1999. See petition for postconviction relief RC 2953.21.

The State responded on August 19, 1999, with memorandum in opposition to petition for postconviction relief, alleging initially that the petition is untimely filed, and therefore, properly overruled for that reason alone. State's memorandum in opposition at 2 ¶ 2. Secondly, the state asserted that the petitioner could have raised the issues on the direct appeal, and therefore, the issues are barred by res judicata citing **State v. Perry (1967) 10 Ohio St. 2d 175.** The state also raised the issue that the petition was filed without supporting evidentiary documents as required under **State vs. Kapper (1983) 5 Ohio St. 3d 36.** Memorandum in opposition at 2 ¶ 3.

2

On August 30, 1999, the petitioner responded to the state's memorandum in opposition specifically setting forth that the petition was in fact timely pursuant to RC 2953.21 (A)(2) and that the issues raised were based upon evidence dehors the trial record of the case and therefore properly raised in postconviction relief proceedings. Further the petitioner again set forth that supporting affidavits and documentation were forthcoming at the earliest opportunity.

On September 3, 1999, this Court overruled the petition by entry without setting forth the basis thereof, or without filing an opinion or findings of fact and conclusions of law.[1] The petitioner received the entry overruling the petition on September 23, 1999.

The petitioner further received an affidavit supporting the grounds raised within the petition on September 28, 1999. See exhibit "B" attached hereto.

Neither party moved for summary judgment prior to the Court overruling the petition.

LAW

The statutory framework for postconviction relief is set forth in RC 2953.21 et seq. and provides:

> (A)(1) Any person who has been convicted of a criminal offense and who claims that there was such a denial or infringement of his rights as to render the judgment void and/or voidable under the Ohio and/or United States Constitutions may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and or other documentary evidence in support of the claim for relief.

In **State v. Jackson (1980) 64 Ohio St. 2d 107** the Supreme Court of Ohio held in the syllabus that:

---

[1] Prior to receiving the entry overruling the petition, the petitioner filed an amended response to the state's memorandum in opposition offering a copy of the Hamilton County Court System Appearance Docket exhibiting that the transcript and record was filed in the Hamilton County Court of Appeals on February 18, 1999; thus timely filed and overcoming the state's contentions otherwise.

held in the syllabus that:

> In a petition for postconviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.

The Jackson court went on to explain that broad assertions without further demonstrations of prejudice and general conclusory allegations to the effect that the defendant has been denied effective assistance of counsel are inadequate to impose an evidentiary hearing. Id. at 111. In Jackson the petition merely contained a broad, open ended assertion of ineffective assistance of counsel, along with an affidavit from defense counsel stating that the four (4) days between his appointment and the trial date was an insufficient period of time to prepare an effective defense. As it turned out, the record in the Jackson case did not even support the statement, and the court held that petitioner had not held his initial burden, and no hearing was required. Id.

Conversely, where a claim raised by a petitioner is sufficient on it's face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends on factual allegations that cannot be determined by examination of the files and records of the case, the petition states a sunstantive ground for relief. **State v. Milanovich (1975) 42 Ohio St. 2d 46.** Moreover, when determining whether there are substantive grounds for relief that would warrant a hearing, affidavits offered in support of the petition should be accepted as true and need only present sufficient prima facie evidence to sustain a hearing. **State v. Swortcheck (1995) 101 Ohio App. 3d 770.**

In **Milanovich** the trial court denied the petition claiming that trial counsel promised the petitioner that petitioner bwould be granted shock parole if he [petitioner] entered a guilty plea. The Court coted the transcript of

4

the plea hearing in it's decision. The Ohio Supreme Court noted that the allegations concerned out-of-court conversations between petitioner and counsel that none of the files and records could ordinarily provide direct evidence of the substance of the conversations. Since the files and records of the case did not affirmatively disprove the petition, the petition stated a substantive ground for relief and it was error to dismiss it.

**Milanovich** further held that postconviction proceedings are civil in nature and as such, the rules of civil procedure apply. **Id. at 52.** The **Milanovich** court cautioned courts that only careful adherence to the provisions of Civil Rules can assure that the rights and obligations of **both** parties are fairly treated. **Id. at 52.**

As this Court failed to state the basis of the entry overruling the petition for postconviction relief, the petitioner presumes that it was based upon the state's contentions of untimely filing, or res juducata, as there was no other defenses in the state's memorandum in opposition, and thus, waived as a matter of law. The petitioner presumes that this Court granted the summary judgment pursuant to Civ. R. 56 as the rule governs such a motion in a postconviction petition action. **Milanovich, supra.**

There must be no dispute as to either the facts or the applicable law for a party to be entitled to summary judgment.

There was certainly dispute as to the facts regarding the petitioner's claim of ineffective assistance of counsel in not calling a witness that could have impeached the state's witness at the trial. There was dispute regarding the applicable law as it pertains to res judicata regarding as applicable to the fact specific circumstances of this case. Indeed, the Court's entry overruling the petition was premature and improper under the totality of the circumstances of this matter.

The facts giving rise to the claim of ineffective assistance of counsel are grounded in the assertion that counsel failed to subpoena a witness that could have impeached the testimony of state's witness Calvin Barrett (whom testified that he had driven the petitioner to Hawaiian terrace, the general area where the criminal offense in issue at trial took place). The affidavit from the witness **not called by trial counsel** is now available in support of the petition for postconviction an is annexed hereto as exhibit "B". Petitioner hereby incorporates the affidavits contained herein to the petition for postconviction relief filed August 6, 1999.

The affidavit offered herein amply supports that trial counsel was in fact ineffective in this case. The state relied heavily upon the testimony of Calvin Barrett to obtain a conviction. Consequently, impeachment of this witness was critical. The witness would have directly contradicted the major evidence used by the prosecution to obtain a conviction in this case.

Recently, the United States Court of Appeals for the Ninth Circuit vacated a death sentence due to counsel's ineffective assistance in not impeaching a crucial witness. Thompson v. Calderon 1997 U.S. App. Lexis 20746 (August 3, 1997, 9th Cir.)(counsel failed to call and/or use a witness to impeach testimony crucially important to stste's case, and counsel's conduct in failing to adequately impeach fell below a reasonable standard of professional representation). Id. at 11.

The Sixth Circuit Federal Court of Appeals has also held accordingly in Workman v. Tate 937 F. 2d 1339 (6th Cir. 1992) (trial counsel's failure to call two witnesses that would contradict police officers testimony constituted ineffective assistance of counsel).[2]

---

[2] The Workman court noted that not only would that testimony have contradicted the police, but it would have raised a possible explanation for the police behavior in that case.

In State v. Scott (1989) 63 Ohio App. 3d 304 the court held that "a hearing on a petition for postconviction relief should have been held when the affidavit contained sufficient operative facts to show substantial grounds for relief. The affidavit in that case contained evidence of the availability of mitigating evidence and that the failure of trial counsel to attempt to obtain mitigating evidence.

Similarly, in State v. Swortcheck, supra, affidavits of witness which, if believed, would have impeached the credibility of an alleged rape victim were held to set forth sufficient operative facts for relief.

The similarity to the instant case is striking in that the testimony contained in the affidavits would seriously impeach much of the state's evidence. The cases cited above all found that the affidavits contained sufficient operative facts to merit a hearing, satisfying both prongs of Strickland v. Washington (1984) 466 U.S. 668 (test set forth to establish the ineffective assistance of counsel). The correct standard for determining prejudice in Strickland is as follows:

> The defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id. at 694.

Moreover, the Strickland court ststed specifically:

> A defendant need not show that counsel's deficient conduct more likely than not altered the outcome of the case.

Id. at 693.

The Strickland court found that this "outcome determinative" standard imposed too heavy a burden on defendant's and was not appropriate.

When a petitioner challenges a conviction as here, the question is whether there is a reasonable probability that, absent the errors (or testimony impeached) the fact finders would have a reasonable doubt representing guilt. Strickland at 695. See also Blackburn v. Foltz (6th Cir. 1987) 828 F. 2d 1177, 1186.

7

As the Eighth Circuit federal Court of Appeals said in Thomas v. Lockhart (8th Cir. 1984) 738 F. 2d 304 "just as hindsight cannot be used to condemn counsel's performance, it cannot be used to justify it." Id. at 309.

This Court's entry overruling the petition should be relieved pursuant to Civ. R. 60 (B) and this Court should consider that the petitioner specifically requested additional time to supplement the petition as filed with affidavits in support thereto. Civ. R. 60 (B) affords this Court jurisdiction to relieve the petitioner from the judgment or order for the reasons stated above in this motion. Petitioner submits that there is sufficient operative facts asserted in the affidavit attached hereto to merit and warrant a hearing if not summary judgment as a matter of law. Further, the entry overruling relief did not set forth the findings of fact and conclusions of law as requied by statute and case law (cites omitted). Accordingly, the entry is not a final appealable order and is inadequate as a matter of law.

The petitioner has offered sufficient evidence by way of the Hamilton County Court System Docket to overcome the state's contentions of a late filing. The state's contentions of res judicata are also overcome in that the issue of counsel's ineffective assistance is premised upon counsel's failure to call a witness to impeach the testimony of state's witness Calvin Barrett; indeed, this issue is dehors the record and properly presented in a petition for postconviction relief pursuant to RC 2953.21. A petitioner can overcome the the bar of res judicata through submission of evidence from outside the record. State v. Combs (1994) 100 Ohio App. 3d 90, 97 (petitioner asserts that he could not have advanced the same claims on appeal based upon information contained in the original trial record).

When trial counsel has available evidence which impeaches the prosecution's main witness and undermines the state's whole case and theory, it is not a choice between legitimate options whether to use it or not.

The Strickland court held that counsel's function is basically adversarial:

> ...Thus, a fair trial is one in which evidence is subjected to adversarial testing and presented to an impartial tribunal for resolution of issues...

> ...That a person who happens to be a lawyer is present at a trial beside the accused, however, is not enough to satisfy the Sixth Amendment right to counsel as the amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that a trial is fair.

Id. at 685.

In the case at bar, the state's evidence was not subjected to adversarial testing, although it could have been. While it is true that failure to call a witness is not per se a substantial violation of an essential duty to a client in the absence of a shoing that the testimony would have assisted the defense (Middletown v. Allen (1989) 63 Ohio App. 3d 443) such failure to call witnesses that have impeaching or exculpatory value, as here, has been held to constitute ineffective assistance of counsel. State v. Biggers (1997) 118 Ohio App. 3d 788; State v. Swortcheck (1995) 101 Ohio App. 3d 770; State v. Scott (1989) 63 Ohio App. 3d 304; Thompson v. Calderon (1997) U.S. App. Lexis 20746 (August 3, 1997, 9th Cir.); Workman v. Tate (6th Cir. 1992) 937 F. 2d 1339. (Emphasis added).

Accordingly, based upon the foregoing, the petitioner asserts that he is entitled to relief from judgment or order overruling the petition dated September 3, 1999, based upon the supplementation of the affidavits in support as set forth herein and the clear failure of the state of Ohio to rebut the substantive issues presented within the petition as timely filed.

The petitioner moves this Court to issue a ruling relieving him from the judgment and reinstating the petition for judgment upon the pleadings as instantly supported herein.

Respectfully submitted,

*Reginald Allen*
REGINALD ALLEN #353-308
P.O. Box 7010
Chillicothe, Ohio 4560-1

Defendant-Petitioner Pro Se

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing motion for relief from judgment pursuant to Civ. R. 60 (B) has been served upon Phillip R. Cummings at 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 via regular U.S. Mail on this 28 day of Sept, 1999.

*Reginald Allen*
REGINALD ALLEN

Defendant-Petitioner Pro Se



ENTERED SEP 3 - 1999 IMAGE 113

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO | : | CASE NO.: B 9706964 |
| Plaintiff | : | (Judge Niehaus) |
| -vs- | : | |
| Reginald Allen | : | ENTRY OVERRULING MOTION TO _Vacate Sentence_ |
| Defendant | : | |

This matter having come before the Court on the defendant's Motion to _Vacate Sentence_, and, the Court, being fully advised and after due consideration, finds the said motion not well-taken, and hereby overrules the same.

To all of which the defendant excepts.

Attorney for Defendant

ENTER

_____
JUDGE RICHARD A. NIEHAUS

DATE: SEP 03 1999

Exhibit "A"

STATE OF OHIO

COUNTY OF ROSS

S.S.: AFFIDAVIT OF REGINALD ALLEN

I, Reginald Allen, being duly sworn, depose, and state the following to be true and correct as I verily believe:

1. That I am the defendant in Hamilton Case No. B-97 06964 wherein my attorney David Donnett failed to subpoena witness Jason Smith, whom would have offered testimony regarding the testimony Calvin Barrett that would have established that Calvin Barrett was not in fact with me on September 17-18, 1997.

2. This impeaching testimony would have explained why Calvin Barrett offered the false testimony against me.

3. David Donnett was aware of this impeaching evidence, yet failed to use it at the trial.

4. I experienced problems in contacting Jason Smith to secure an affidavit from him attesting to the above stated facts.

5. That my date to file the RC 2953.21 petition as required became due before I received the affidavit, and that I filed the petition timely in anticipation of receiving the affidavit from Jason Smith.

6. That I wanted Jason Smith to testify at the trial, but because Davit Donnett failed to subpoena him and/or utilize him, the impeaching testimony was not offered.

AFFIANT FURTHER SAYETH NAUGHT.

SWORN AND SUBSCRIBED THIS 29th DAY OF September, 1999.

_____          _____
NOTARY PUBLIC                                                    REGINALD ALLEN

DURBIN W. CONRAD
Notary Public, State of Ohio
Commission expires 8-16-01

SEAL

EXHIBIT "C"

STATE OF OHIO
                    S.S.:   AFFIDAVIT OF JASON SMITH
COUNTY OF HAMILTON

I, Jason Smith, being duly cautioned as to law, depose, and state the following to be true and correct as I verily believe:

1. That I am a natural citizen of the State of Ohio of sound mind and aware of circumstances involved in State v. Reginald Allen-Hamilton County Case No. B-97 06964.

2. That on the night of September 17-18, 1997, I was with Calvin Barrett from 11:30 P.M. through approximately 7:30 A.M. consuming beverages throughout the night.

3. That at no time did I see Reginald Allen on the night of September 17-18, 1997, and in no way could have Calvin Barrett have been with Reginald Allen on that particular evening from 11:30 P.M. through 7:30 A.M..

4. That I have no idea why Calvin Barrett would have testified that he had been with Reginald Allen on that night because Calvin Barrett was with me the entire evening uninterupted.

5. That Calvin Barrett did mention that he had been with Reginald Allen earlier in the evening on September 17, 1997.

6. That I have complete memory of the events of September 17-18, 1997, as it relates to being with Calvin Barrett and I am willing to testify regarding the same.

7. That I did not become aware of the accusations against Reginald Allen or the Calvin Barrett false testimony until just recently when I was told that Calvin Barrett had offered testimony regarding having been with Reginald Allen at the pertinent times that I was with Calvin Barrett.

AFFIANT FURTHER SAYETH NAUGHT.

SWORN IN MY PRESENCE THIS 25 DAY OF September, 1999.

_____              X _____
NOTARY PUBLIC                              JASON SMITH       AFFIANT
SEAL

JANET W. MOBLEY
Notary Public, State of Ohio
My Commission Expires Oct. 19, 1999

Exhibit "B"