

IN THE COURT OF APPEALS
HAMILTON COUNTY, OHIO
FIRST APPELLATE DISTRICT

STATE OF OHIO                :   CASE NO. C-990046
                                 TRIAL NO. B-9706964
   Plaintiff-Appellee    :

vs.                          :

REGINALD ALLEN               :   APPLICATION FOR REOPENING

   Defendant-Appellant   :

Now comes Reginald Allen and hereby moves this Court pursuant to App. R. 26(B) and *State v. Murnahan* (1992) 63 Ohio St. 3d 60 to reopen his direct appeal which was affirmed by this Court on November 24, 1999. The reasons for this application are more fully set forth in the following memorandum in support.

Respectfully submitted,

*Reginald Allen*

REGINALD ALLEN  #352-308
P.O. BOX 7010 RCI
CHILLICOTHE, OHIO 45601

Defendant Pro Se

EXHIBIT 21

MEMORANDUM IN SUPPORT

PROCEDURAL HISTORY

Appellant Reginald Allen was indicted by the Hamilton County Grand Jury for five felony offenses: Agg. Burglary RC 2911.11; Att. Agg. Murder RC 2923.01; Felonious Assault RC 2903.11(A)(1) and (A)(2); and Domestic Violence RC 2919.25.

The record reflects that, by agreement of counsel, Magistrate Richard Bernat presided over the jury selection; however, Judge Richard A. Niehaus presided over the trial.

The Defendant was found guilty of all counts and on December 9, 1997, the trial court found counts three (3), (4), and (5) to be of similar import; on counts (1) and (2) the court imposed ten (10) year consecutive sentences.

A timely appeal was perfected by appointed counsel and this Court on November 24, 1999, affirmed the convictions. State v. Allen (November 24, 1999) Hamilton App. No. C-990046, unreported.

The Appellant is now before this Court seeking reopening pursuant to App. R. 26(B) and State v. Murnahan (1992) 63 Ohio St.3d 60. This Court must determine whether there is a genuine issue as to whether Appellant was denied the effective assistance of counsel upon the direct appeal. Id. at 66.[1]

STANDARD OF REVIEW - INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

A convicted criminal defendant is entitled to counsel on his first appeal as of right. Douglas v. California (1963) 372 U.S. 353. Effective appellate counsel is necessary if appellate courts are to perform their assigned function. Gilbert v. Souders (6th Cir 1981) 646 F.2d 1146, 1150. A party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. Evitts v. Lucey (1985) 469 U.S. 387, 396. Therefore, a first appeal as of right is not adjudicated in accord with due process if the appellant does not have the effective assistance of counsel. Id.

Strickland v. Washington (1984) 466 U.S. 668 is the standard for governing claims

of ineffective assistance of counsel. Ohio has adopted the Strickland standard and test. State v. Smith (1985) 17 Ohio St. 3d 98; State v. Lytle (1976) 48 Ohio St. 2d 391; State v. Hester (1976) 45 Ohio St. 2d 71.

Appellant summits that had appellate counsel presented the following assignments of error on the direct appeal, there is a reasonable probability that the result of the proceeding would have been different. App. R. (B)(2)(c).

### FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR IN PERMITTING THE STATE TO CONTINUALLY REFER TO THE APPELLANT'S PRIOR BAD ACTS AND TO ADMIT EVIDENCE THAT APPELLANT WAS A VIOLENT OFFENDER WITH A HISTORY OF DOMESTIC VIOLENCE OFFENSES IN VIOLATION OF OHIO RULES OF EVIDENCE 403 AND 404

### SECOND ASSIGNMENT OF ERROR

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN COUNSEL'S PERFORMANCE PRIOR TO AND DURING THE TRIAL WAS CLEARLY DEFICIENT

### THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN PERMITTING THE GUILTY VERDICT WHICH WAS TAINTED BY PROSECUTORIAL MISCONDUCT MADE DURING THE TRIAL AND DURING OPENING AND CLOSING STATEMENTS TO THE JURY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION

### FOURTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GIVING THE APPELLANT THE MAXIMUM SENTENCE CONTRARY TO OHIO REVISED CODE

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN ERROR IN PERMITTING THE STATE TO CONTINUALLY REFER TO THE APPELLANT'S ALLEGED PRIOR "BAD ACTS" AND TO ADMIT EVIDENCE THAT APPELLANT WAS A VIOLENT OFFENDER WHOM HAD A HISTORY OF DOMESTIC VIOLENCE WITH THE ALLEGED VICTIM IN VIOLATION OF OHIO RULE OF EVIDENCE 403 AND 404

As the record reflects time after time, the State repetitively introduced evidence which characterized Appellant as a prior and repeated violent domestic violence offender against the alleged victim in this case. This line of tact by the prosecution was designed to prejudice the Appellant before the eyes of the jury and was inadmissible as a matter of law.

Evidence Rule 404 prohibits the admission of evidence which serves no purpose other than to assassinate the character of the accused when the character traits are not relevant to the pending charges. The general objective of the rule is contained in 404(A) where the character of the accused is not admissible for the purpose of proving that he acted in comformity therewith on a particular occasion. Indeed, 404(B) permits admission of other acts for the purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, Evidence Rule 404(B) codifies the exception to the general rule to be **strictly construed against admissability.** State v. Coleman (1989) 45 Ohio St.3d 298. In order for this exception to apply, it must be shown by substantial proof that the questioned evidence fits squarely within the factors enumerated in Evidence Rule 404(B). **Coleman, supra.**

Even if such evidence might be admitted under Evidence Rule 404(B), it must still overcome the hurdles and limitations set forth in Evidence Rule 403, which provides "although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

In the instant case, the prosecutions alleged other acts evidence of prior domestic violence instances between the Appellant and the alleged victim provided a "backdrop" of its case. The State referred to the prior bad acts of Appellant to prove the elements of its case in chief herein.

Trial counsel was sorely ineffective in not objecting to the prosecutions use of such evidence during the trial. Appellate counsel was equally ineffective for not presenting this issue in the direct appeal to this Court.

Since there was no suggestion Appellant used his alleged prior bad acts to commit the criminal acts against his wife, it is apparent that the "other acts" evidence was used only to assassinate the Appellant's character before the jury, which is prohibited under Evidence Rule 404 (A). It was prejudicial enough for the State to utilize this evidence against the Appellant, but even more prejudicial by using Law Enforcement Officer's as the vehicle of introducing said evidence to the jury in this case. Certainly, police officer's carry an element of credibility before the general public as public servants assumed to always tell the truth. The "other acts" evidence used in this case were unsubstantiated accusations of alleged domestic violence offenses, several of which were not convictions at all and had been dropped by the alleged vicyim after it was discovered that she had fabricated the alleged offenses to persecute the Appellant.

The Ohio Supreme Court in **State v. Gillard** (1988) 40 Ohio St.3d 226, 230 held that the Prosecution's continued use of an accused bad character was a clear violation of Evidence Rule 404(A)(1). The Supreme Court condemned the use of such tactics as an improper attempt to impugn the Defendant's character before the jury. Moreover, although **Gillard** was reversed under this application of Evidence Rule 404(A)(1), it is not clear whether the use of the improper evidence affected the outcome of the trial as to guilt; thus, prejudice is assumed in this circumstance.

SECOND ASSIGNMENT OF ERROR

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN COUNSEL'S PERFORMANCE PRIOR TO AND DURING THE TRIAL WAS CLEARLY DEFICIENT

As the record reflects, counsel's performance was deficient in the following areas:

1. Failure to timely object to the prosecutions use of inadmissible evidence;

2. Failure to have side bar discussions of substance transcribed for appellate review;

3. Inadequate develpoement of exculpatory evidence, (i.e., medical records of the alleged victims injuries contrary to testimony offered at the trial; failure to object to Magistrate Bernat presiding over the jury selection process;

4. Failing to object to the continued character assassination of Appellant by the prosecutions use of the "bad acts" evidence;

5. Stipulating to the medical reports rather than developing the exculpatory evidence to impeach the alleged victims credibility before the jury and to reduce and mitigate the alleged offenses as a matter of law.

In Strickland v. Washington (1984) 466 U.S. 668 the United States Supreme Court held that to establish counsel's performance as below the benchmark of competent representation, the Defendant must first show that counsel's performance was deficient and that it fell "below an objective of reasonableness *** under prevailing professional norms". Strickland at 687-688. This requires showing that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the Defendant by the Constitution. Id at 687.

A comprehensive reading of the trial transcript of this case reveals that trial counsel did not object to highly improper acts of the prosecution and the trial court, failed to have side bar discussions transcribed involving various defense a..

6

defense and prosecution objections raised as to improper statements of law, witness speculation, requests to approach the bench and even a reference regarding side bar discussions which were not being placed upon the record. The record is void as to what arguments were being presented by either defense or prosecution as well as the trial court's final rulings regarding these objections. The reader is left to his own demise as to what transpired during these sidebars conferences of substance. Further, the record is void as to the reasons for the raised objections, the court's rulings, and the basis of the Court's rulings.

It is imperative that a complete record of the trial proceedings be created for Appellant's review. Defense counsel had an obligation to assure his client a fair trial, whose result is reliable. In the instant case, it is impossible to determine whether or not the result is reliable given that significant portions of the proceedings are missing from the record. The failure to have a complete record of the entire proceedings deprived the Appellant of a fair trial. Counsel's unprofessional errors deprived the Appellant of either actual or constructive assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.

Further, it appears that the Appellant's prior record was permitted to be repetitively heard by the jury rendering absolute prejudice to Appellant that resulted in the proceedings being unreliable under **Strickland**; the result of the trial could have certainly been different had counsel advocated the Appellant's rights professionally.

The obvious inadequate developement of the exculpatory medical records of the alleged victim became apparent when the alleged victim testified to injuries that were not supported by the testimony of other witnesses whom viewed the alleged victim the instant of the alleged offenses; specifically the first officer that arrived at the scene. Cross examination revealed that the alleged victim testified to injuries much more severe than police officer's viewed at the scene. Astoundingly,

defense counsel also failed to point out to the jury that these inconsistencies were apparent, and failed to explore the medical records for defense support and to mitigate the offenses as a matter of law. Counsel stipulated to the medical records without using exculpatory evidence available to him.

For unknown reasons due to the incomplete record counsel apparently stipulated to Magistrate Bernat's presiding over the jury selection process and failed to properly preserve the record for appellate review.

Counsel's errors were so serious that he was not functioning as counsel guaranteed under the United States and Ohio Constitutions. Appellant was denied actual and constructive assistance of counsel which prejudiced the outcome of the trial.

### THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN PERMITTING THE GUILTY VERDICT WHICH WAS TAINTED BY PROSECUTORIAL MISCONDUCT MADE DURING THE TRIAL AND DURING OPENING AND CLOSING STATEMENTS TO THE JURY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION

The prosecution made statements and comments during the trial, without objection of defense counsel, regarding Appellant's alleged prior domestic violence offenses. These comments were misconduct in that they were designed to prejudice the jury to believe that Appellant had a propensity to commit violent offenses. The repeated reference to the Appellant's alleged prior bad acts denied the Appellant a fair trial.

It was reversible error for the trial court to permit the "bad acts" evidence and equally reversible error for the prosecution to have injected this alleged evidence into the trial proceedings in violation of the United States and Ohio Constitutions.

### FOURTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GIVING THE APPELLANT THE MAXIMUM SENTENCES

The trial court sentenced the Appellant to the maximum, ten (10) years, on counts (1) and (2) to be served consecutive. This sentence is contrary to Ohio Law in that the offender did not meet the criteria to receive the maximum sentences as a matter of law. Further, the trial court did not make the findings required or put said findings

on the record for appellate review. Again trial counsel did nothing to preserve this issue for appellate review.

The Appellant asserts that his sentencing was defective in that the trial court did not utilize the requisite Ohio Revised Code criteria in sentencing when it imposed the maximum sentences in this matter, consecutively.

## CONCLUSION

The Appellant respectfully requests that this Court reopen the direct appeal pursuant to App. R. 26(B) and **State v. Murnahan (1992) 63 Ohio St.3d 60** based upon the ineffective assistance of appellate counsel. The Appellant requests that full briefing be ordered upon the merits of the assignments of error presented herein and that this Court reverse the decision previously imposed by this Court.

Respectfully submitted,

*Reginald Allen*
REGINALD ALLEN #352-308
P.O. BOX 7010 RCI
CHILLICOTHE, OHIO 45601

DEFENDANT-APPELLANT PRO SE

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Application For Reopening has been sent to the Hamilton County Prosecuting Attorney at _230 East Ninth St Suite 3000, Cinti, Ohio 45202_ via regular U.S. Mail on this _27_ day of _Jan_, 2000.

*Reginald Allen*
REGINALD ALLEN

Defendant-Appellant Pro Se

## Affidavit of Reginald Allen

State of Ohio      : S.S. :
County of Ross :

I, Reginald Allen, being duly sworn, state that the following is true & correct to the best of my knowledge:

1.) That I have reviewed the briefs, opinion, and applicable case law in Hamilton Co. App. No. C-990046 and believe my appellate counsel was ineffective in not presenting the assessments of error I have presented in the App. R. 26(B) Application for Reopening.

2.) That the basis for the claim is that counsel failed to give the appellate court issues that would have resulted in the reversal of my conviction.

Affiant Further Sayeth Naught.

Sworn in my presence this 26 day of January, 2000.

_____          _____
Notary Public                                    Reginald Allen



JAMES M. JACOBS
Notary Public - State of Ohio
My Commission Expires 1-28-2002

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, : | APPEAL NO. C-990046 |
| Plaintiff-Appellee, : | TRIAL NO. B-9706964 |
| vs. : | *JUDGMENT ENTRY.* |
| REGINALD ALLEN, : | |
| Defendant-Appellant. : | |

This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).

The defendant-appellant, Reginald Allen, appeals from his convictions for aggravated burglary, attempted aggravated murder, two counts of felonious assault, and domestic violence. In his single assignment of error, Allen contends that his convictions were based upon insufficient evidence and contrary to the weight of the evidence.[1] We disagree.

---

[1] Allen originally submitted a *pro se* supplemental brief adding numerous assignments of error. Subsequently, however, this court granted his motion to strike the supplemental brief.

## OHIO FIRST DISTRICT COURT OF APPEALS

The evidence presented by the state was that Allen kicked the door down to gain access to the prosecuting witness's apartment, jumped on top of her, and stabbed her fifteen times with a knife in the neck and chest area. *see Hospital Report* The prosecuting witness was the mother of Allen's child and testified that she had a clear view of his face during the attack. The prosecuting witness's daughter awoke and witnessed the attack. Further, a neighbor testified that she heard the prosecuting witness shouting during the attack, "Reggie, don't do this * * *."

Allen presented an alibi defense supported by his own testimony and that of other witnesses. The jury clearly rejected Allen's defense, finding more credible the testimony of the prosecuting witness and her positive identification of Allen as the man who stabbed her. The prosecuting witness's testimony, as corroborated by that of her daughter and neighbor, was clearly sufficient to establish all the elements of the crimes with which Allen was charged. Furthermore, we cannot say that, in finding her testimony more credible than that of Allen and his witnesses, the jury clearly lost its way or created a manifest miscarriage of justice. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.

Therefore, the judgment of the trial court is affirmed.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

GORMAN, P.J., SUNDERMANN and SHANNON, JJ.

RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.

2

## OHIO FIRST DISTRICT COURT OF APPEALS

*To the Clerk:*

Enter upon the Journal of the Court on ___NOV 2 4 1999___

per order of the Court ___Hildebrandt___

*ACTING* Presiding Judge