

IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT
HAMILTON COUNTY, OHIO



MAR 30 2000

JAMES CISSELL
CLERK OF COURT
HAMILTON COU...

STATE OF OHIO
    Appellee,

CASE NO: C-‌‌‌‌‌‌‌‌‌‌

vs.

DEFENDANT'S OPPOSITION TO
STATES MEMORANDUM IN OPPODITION
OF MARCH 3, 2000.

REGINALD ALLEN
    Appellant,

Now comes defendant-appellant, hereby opposes the States Memorandum In Opposition, by and through this pro-se Opposition, defendant-appellant sets forth his claims that constitute plain error and hold sustantial grounds for reveiw, in all fairness and professional duty the said claims should have been advanced by appellate counsel.

Respectfully submitted,

*Reginald Allen*

Reginald Allen
# 352-308
P.O. Box 7010
Chillicothe, Ohio 45601

FILED
2000 MAR 30 PM 2:30
JAMES CISSELL
CLERK OF COURTS
HAM. CNTY. OH

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Opposition and attached rider of Memorandum have been sent by regular U.S. Mail to the Hamilton County Prosecutors Office, at their last knowen address, on the 25 day of March 2000.

*Reginald Allen*
Reginald Allen

EXHIBIT 23

MEMORANDUM

The State allege's that defendant-appellant claims of ineffective appellate counsel has not been demostrated.

In **Strickland v. Washington (1984), 466 U.S. 688**, " the court held that:

\* \* \* In any case presenting an ineffective claim, the preformance inquiry must be weather counsels assistance was reasonable considering all the circumstance \* \* \* [ Id at 688 ]

Defendant-Appellant brings to attention his claim's (1) and (3), of his Application for Reopen pursuant to App R. 26 (B). Claim (1) Use of Defendant's prior bad acts; (2) Prosecutorial Misconduct. In **State v. Hirsh (1998) 120 Ohio App 3d 294 [6-9]** Neverthless, the question remains how much detail about the prior conviction the state needed to make its point to the jury. As with all evidence, other acts evidence is subject to the relevancy and fairness requirements of Evid R.403 (A) and must be excluded if it probative value is substantially outweighing by the danger of unfair prejudice. Soke, supra 105 Ohio App 3d at 249, 663 N.E. 2d at1001; **State v. Matthews (1984) 14 Ohio App. 3d 440**, 442, 14 OBR 559, 561-562, 471 N.E. 2d 849, 851-852

Defendant-Appellant's, appellate counsel could have argued the on appeal of prosecutorial misconduct, during either the guilt or penalty phase of trial as in **Scott v. Anderson 58 F Supp 2d (N.D. Ohio 1998) 748 [8]** para 5.

1

It has been well established buy the courts as in Jones v. Barnes 103 S. Ct 3308 (1983) " which reversed, concluding under " Anders v. California 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed. 2d 493 which held that an appointed attorney must advocate his clients cause vigorously and may not withdraw from a nonfrivolous appeal, appointed counsel must present on appeal all non-frivolous arguements requested by his client. In such the Court of Appeals held that respondent's counsel had not met this standard in that he had failed to present certain nonfrivolous claims.

## CONCLUSION

WHEREFORE: Defendant-Appellant's claims have constituted the due process of reveiw, if raised by appellate counsel, may or would have constituted reversible error on his appeal. For these reasons, the defendant-appellant respectfully request that the application for opening be set for full briefing.

Respectfully submitted,

*Reginald Allen*
Reginald Allen
# 352-308 pro-se