FILED
COURT OF APPEALS

MAR - 3 2000

JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. C-990046 |
| Plaintiff-Appellee | | |
| vs. | | **MEMORANDUM IN OPPOSITION TO APPLICATION FOR REOPENING PURSUANT TO APP. R. 26(B)** |
| REGINALD ALLEN | : | |
| Defendant-Appellee | : | |

The State of Ohio hereby opposes the defendant-appellant's application for reopening pursuant to App. R. 26(B) filed on January 31, 2000, for the reason that the defendant-appellant's claims of error do not raise the possibility that the result of the direct appeal would have differed had the issues been advanced by appellate counsel.

Respectfully submitted,

_____
Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

FILED 2000 MAR -3 P 2:15
JAMES CISSELL
CLERK OF COURTS
HAM. CNTY. OH

EXHIBIT 22

1

## MEMORANDUM

### Individual Claims of Ineffective Assistance of Appellate Counsel

The defendant-appellant claims ineffective assistance of appellate counsel. Specifically, defendant-appellant claims his appellate attorney was ineffective for failing to raise the following:

(1) Use of defendant's prior bad acts;

(2) Ineffective assistance of trial counsel;

(3) Prosecutorial misconduct;

(4) Imposition of the maximum sentence.

In order to demonstrate ineffective assistance of counsel, the defendant-appellant must show that counsel made errors so serious that he "was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 1052; State v. Johnson (1986), 24 Ohio ST.3d 87, 494 N.E.2d 1061. In Strickland, the Court stated:

> Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'

466 U.S. at 689, 104 S.Ct. at 2065. A finding that prejudice is lacking can preclude inquiries as to whether an essential duty was breached. Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

Appellate counsel need not raise every non-frivolous issue. <u>Jones v. Barnes</u> (1983), 463 U.S. 745, 103 S.Ct. 3308. Ineffective assistance of counsel cannot be found therefore, unless the issue was sufficiently problematical and would have necessarily had some effect on the outcome of the appeal. Unless this Court is convinced that it would have modified the defendant-appellant's conviction or sentence *at the time of his appeal*, then it should not grant the application for reopening.

Allen has failed to demonstrate that counsel's failure to raise the various issues likely made a difference in his appeal.

## CONCLUSION

The deficiencies claimed by the defendant-appellant would not have constituted reversible error if it had been raised on appeal. Therefore, there is no prejudice arising from the failure to raise the issue. For these reasons, the state respectfully requests that the application for reopening be denied.

Respectfully submitted,

_____
Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

3

## CERTIFICATE OF SERVICE

I hereby certify that on this __/__ day of March, 2000, a copy of this document was served by regular U.S. mail to defendant-appellant, pro se, addressed to him as Reginald Allen, #352-308, P.O. Box 7010, RCI, Chillicothe, Ohio 45601.

_____
Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney