IN THE SUPREME COURT OF OHIO

Reginald Allen,

    Appellant,

v.

State of Ohio,

    Appellee.

On appeal from the Hamilton County Court of Appeals, First Appellate District. Case No. C-990046

Supreme Court No.

## 00-1654

Notice of Appeal

Reginald Allen

#352-308  (H-1-B)

Ross Correctional Inst.

P.O. Box 7010

Chillicothe, Ohio 45601

Appellant in pro se

Philip R. Cummings

Assistant Prosecuting Attorney

230 East Ninth Street, Suite 4000

Cincinnati, Ohio 45202

Counsel for Appellee



FILED

SEP 14 2000

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

EXHIBIT 26

## Notice of Appeal

Appellant Reginald Allen hereby gives notice of appeal to the Ohio Supreme Court from the judgment of the Hamilton County Court of Appeals, First Appellate District, entered in the court of appeals case number C-990046 on August 3, 2000.

This case involves a felony and raises substantial constitutional question.

Respectfully submitted,

By: *Reginald Allen*
Reginald Allen
Appellant in pro se

## Proof of Service

I certify that a copy of the foregoing was sent to counsel for the appellee, Philip R. Cummings, Asst. Prosecuting Atty, 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 by ordinary U.S. mail on this 31 day of August 2000

*Reginald Allen*
Appellant in pro se

IN THE SUPREME COURT OF OHIO

Reginald Allen,

    Appellant,

v.

State of Ohio,

    Appellee.

On appeal from the Hamilton County Court of Appeals, First Appellate District. Case No. C-990046

Supreme Court No. _____

## MEMORANDUM IN SUPPORT OF JURISDICTION

Reginald Allen

#352-308  (H-1-B)

Ross Correctional Inst.

P.O. Box 7010

Chillicothe, Ohio 45601

Appellant in pro se

Philip R. Cummings

Assistant Prosecuting Attorney

230 East Ninth Street, Suite 4000

Cincinnati, Ohio 45202

Counsel for Appellee

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Why leave to appeal should be granted and why this case presents a substantial constitutional question................................... | 1 |
| Statement of Case and Facts.............................................. | 6 |
| Argument in support of Propositions of Law............................... | 8 |
| <u>Proposition of Law No. I</u>: Where appellate counsel fails to raise critical issues of constitutional significance on direct appeal, and where these same issues would have resulted in a different outcome on appeal, the appellant has not been provided with the constitutionally protected right to effective assistance of counsel on direct appeal. Thus, the appellant's first appeal as of right was not adjudicated in accord with due process. Such deprivation of rights warrants the reversal of the court of appeals judgment on direct appeal and all direct appeal rights restored............... | 8 |
| Conclusion............................................................... | 13 |
| Service.................................................................. | 14 |

# WHY LEAVE TO APPEAL SHOULD BE GRANTED AND WHY THIS CASE PRESENTS A SUBSTANTIAL CONSTITUTIONAL QUESTION

This case presents the issue of whether the errors made by appellate counsel on appeal warrant the reopening of the appellant's direct appeal and all rights guaranteed through the Fourteenth Amendment of the United States Constitution restored. The appellant submits to this court that counsel's performance on direct appeal substantiate the claim that the appellant was denied the right to **effective assistance of counsel** on direct appeal and that such a denial mandates reversal of the court of appeals decision denying the involved application for reopening pursuant to Appellate Rule 26(B).

The main focus of this appeal is whether counsel on direct appeal was ineffective in failing to raise other errors on direct appeal that would have changed the result of the appellate court proceedings. Those errors include:

1. The trial court committed error in permitting the state to continually refer to the appellant's prior bad acts and to admit evidence that appellant was a violent offender, with a history of domestic violence offenses, in violation of Ohio Rules of Evidence 403 and 404;

2. Appellant was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment of the United States Constitution when counsel's performance prior to and during the trial was clearly deficient;

3. The trial court erred in permitting the guilty verdict which was tainted by prosecutorial misconduct during the trial and during opening and closing statements to the jury in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution; and

4. The trial court erred in giving the appellant the maximum sentence contrary to Ohio Revised Code.

In it's opinion, the court of appeals delivers a decision that suggests it did nothing more than take notes. There is no indication that the court considered the issues raised in a thorough manner and rendered a decision reflecting due consideration of the facts and proper application of the law. The court of appeals' resolve of the first assignment of error in the motion reveals that the review given was nothing more than a mere "skim through" of the trial transcript. The court's resolve of of the first assignment of error is totally contrary to the trial court record.

The court of appeals held:

> "The record reveals that the state used a 1988 prior conviction only to prove an element of the domestic violence count. The state also introduced evidence of a domestic violence incident that occurred about one month prior to the charges in this case, during which appellant stated to the victim, 'I am going to get you, bitch.' This evidence clearly tends to establish appellant's plan, intent, motive and identity, and therefore is admissible under Evid.R. 404(B) and R.C. 2945.59." See page 1 of entry

This position clearly ignores the statutory language of the relevant standard to be applied before allowing the evidence into the trial. The court must answer the question of whether the evidence is relevant and whether allowing such evidence to be permitted in trial would result in unfair prejudice. The court also must determine how much detail about the prior conviction the state needed to establish it's point to the jury. All evidence, whether it relates to other acts or not, is subject to the relevancy and fairness standard of Evid.R. 403(A) and must be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice. **State V. Matthews 14 Ohio App. 3d 440, 442**

Additionally, **Evid.Rule 404** prohibits the admission of evidence which serves no purpose other than to assassinate the character of the accused when the character traits are not relevant to the pending charges. The general objective of the rule is contained in Evid.Rule 404(A) where the character of the accused is not admissible for the purpose of proving that he acted in comformity therewith on a particular occasion. Clearly, 404(B) permits admission of other acts for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, Evid.Rule 404(B) codifies the exception to the general rule to be strictly construed against admissibility. **State V. Coleman 45 Ohio St. 3d 298.**

Contrary to what the court of appeals stated in its decision, the evidence admitted did not establish appellant's plan, intent, motive or identity with respects to the involved offenses. The alleged remarks made by the appellant were not even established during the proceedings in which they were said to have occurred. The admission of this evidence is just the same as admitting a rumor into trial as a basis for prosecution.

The court of appeals also stated that defense counsel, not the prosecutor, brought out other charges of domestic violence that the victim had initiated and then dropped, as part of counsel's trial strategy to attack the victim's credibility. This is contrary to what the trial record indicates. Not only did the prosecutor open its case with references to the other acts, he continued to try to bolster his case by repeatedly making reference to those acts before even attempting to make its point to the jury. Also, the trial record doesn't indicate what counsel's strategy was. The court of appeals just jumped the gun and arrived at this conclusion so it would not have to resolve the issue with the

3

required amount of review.

In resolving the second assignment of error, the court of appeals held:

"Some of the arguments raised in the second assignment of error merely repeat those made in the first assignment; others do not provide any basis for the claims as required by App.R. 26(B)(2)(d); and others go to matters of credibility or fail to allege any prejudice." (See page 2 of entry) This is another one of the court of appeals errors. The second assignment of error raises a claim of ineffective assistance of trial counsel that appellate counsel failed to raise on direct appeal. The claim alleges that counsel was ineffective when he failed to timely object to the prosecutor's use of inadmissible evidence; failed to request that sidebar discussions of substance be transcribed for appellate review; inadequate developement and failure to present exculpatory evidence (to wit: medical records that indicated the victim did not suffer the injuries alleged and was contrary to the victim's testimony); failed to object to Magistrate Bernat presiding over the process of jury selection; failed to object to continued attack on the appellant's character by the prosecutions use of "bad acts" evidence; and stipulated to the medical reports rather than developing the exculpatory evidence to impeach the alleged victim's credibility before the jury and to reduce and mitigate the alleged offenses as a matter of law.

The court of appeals decision indicates that this claim was never considered in its review. The entry reveals that the court did not even consider a claim of ineffective assistance of trial counsel in these proceedings. Based upon such failure to include this claim in its review, the court of appeals fails to render a judgment based upon full and fair consideration of the facts and applicable law. Such a

judgment can not be allowed to stand.

Lastly, the appellant submits that the resolve of the court on assignments of error three and four are also incomplete and fail to meet the required standard of review. The court does no more than state what is convenient as basis for overruling the claims. Such a ruling should not be permitted to stand.

It is asked that this Honorable court accept jurisdiction in this case based upon the review denied by the court of appeals. It is the court of appeals duty to dispense justice, settle disputes and protect the constitutional rights of those who appear before the court. The appellant believes the court of appeals has exercised its judgment unfairly and has failed to render a full and fair judgment based upon due consideration of the facts in this case as well as the proper application of the law. Where the courts judgment should be rested upon "settled and irreversible principles of justice with due regard to existing conditions", it is not.

Based upon the foregoing, it is asked that this court grant the appellant's case the proper application of law after full and fair resolve of the facts within. The interests of justice warrant this court to grant leave to appeal so the issues involved may be properly adjudicated on the merits.

## STATEMENT OF CASE AND FACTS

Appellant was indicted by the Hamilton County Grand Jury on charges of Attempted Aggravated Murder; Aggravated Burglary; Felonious Assault and Domestic Violence.

By agreement of counsel, Magistrate Richard Bernat presided over the process of jury selection. Subsequent to jury selection, Judge Richard Niehaus presided over the trial proceedings.

After the presentation of all evidence and argument, the jury began its deliberation and later returned a verdict of guilty as to all counts contained within the indictment. On December 9, 1997, the court imposed sentence totalling 20 years (10 years on count one and 10 years on count two to be served consecutively to count one).

The appellant filed a timely notice of appeal in the First District Court of Appeals. On November 24, 1999, the court of appeals affirmed the appellant's conviction. The appellant has sought leave to file delayed appeal from this Honorable Court. To date the motion is still pending.

On January 31, 2000, the appellant filed application for reopening pursuant to Appellate Rule 26(B) in effort to have his direct appeal reopened and his rights restored. Such application was based upon the ineffective assistance of appellate counsel.

Within the application, it was all together proven that appellate counsel had failed to assign as error on direct appeal, other critical issues that, if heard on the merits, would have required reversal of the appellant's convictions and sentence. These issues include: The trial court improperly allowing the prosecution to admit evidence that the appellant was a violent offender and allowing the prosecution to continually refer to appellant's prior bad acts in violation of the

6

Ohio Rules of Evidence; the ineffective assistance of trial counsel; the trial court permitting the guilty verdict to stand which was tainted by prosecutorial misconduct made during the trial as well as opening and closing statements to the jury; and the trial court's error in giving the appellant the maximum sentence contrary to applicable sections of the Ohio Revised Code.

On August 3, 2000, the court of appeals issued judgment denying the application for reopening without issuing judgment on the merits of the ineffective assistance of trial counsel claim. The judgment fails to render decision on all of the claims within the application, thus the court of appeals decision is incomplete.

From the incomplete judgment of the court of appeals, the appellant now appeals.

ARGUMENT IN SUPPORT OF PROPOSITIONS OF LAW

Proposition of Law No. I: Where appellate counsel fails to raise critical issues of constitutional significance on direct appeal, and where these same issues would have resulted in a different outcome on appeal, the appellant has not been provided with the constitutionally protected right to effective assistance of counsel on direct appeal. Thus, the appellant's first appeal as of right was not adjudicated in accord with due process. Such deprivation of rights warrants the reversal of the court of appeals judgment on direct appeal and all direct appeal rights restored.

Appellant hereby asserts his contentions that he was deprived of his 14th Amendment right to effective assistance of counsel on direct appeal. Further, a defendant who claims ineffective assistance of counsel must show deficient performance by counsel and resulting prejudice. **Strickland V. Washington, 466 U.S. 668**

In this case, appellate counsel's failure to assign as error on direct appeal, issues that would have required the court of appeals to reverse the appellant's conviction/sentence, is the form of deficient performance that warrants the reversal of the court of appeals judgment on direct appeal and reopening of the appellant's direct appeal. Those issues have been marked A,B,C,&D and followed by discussion.

A.) In the instant case, the record indicates that the prosecution repeatedly presented evidence and continually referred to evidence which characterized the appellant as a prior and repeat violent offender. The evidence also consisted of improper hearsay testimony/evidence.

The prosecution was allowed to introduce evidence that related to the victim's claim of domestic violence against the appellant from an incident that occurred one month prior to the involved offenses

8

in this case. The appellant was charged with domestic violence in the unrelated incident, but, was never convicted.

The prosecution presented evidence through testimony of two police officers about what was allegedly said and done by the appellant in the unrelated incident. Specifically, the police officers testified to what was alleged by the victim in her complaint. The officers did not testify as to what they witnessed or heard themselves, only what had been alleged by the victim. The prosecution repeatedly used the unrelated/unsubstantiated claims from the unrelated incident to establish the appellant was a violent offender and to poison the proceedings.

> Evid.R. 404(B) provides: "OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The state could not use that evidence for the purpose of which it was intended. To show that the appellant has a bad character and must have acted in accordance with his bad character in the latest incident. The state cannot use the evidence consisting of before the act or after acts to show the appellant acted in conformity with his alleged bad character. <u>Evidence of those other acts</u> (alleged) <u>may not be considered as any proof whatsoever that the appellant did any act alleged in the indictment</u>.

Even if the state should argue that the aforementioned evidence was properly presented under Evid.R. 404(B) it must still overcome the hurdles and limitations set forth in Evid.R. 403, which provides"

> "although relevant, evidence is not admissible if its probative

9

value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

A thorough review of the record and resolve of this issue on its merits, will reveal that the error alleged would amount to reversible error and appellate counsel's failure to raise this error on appeal amounts to deficient performance.

B.) The record in this case also reveals that the appellant was denied effective assistance of counsel at trial where counsel failed to properly investigate/develop exculpatory information at trial; failed to present exculpatory evidence; failed to timely object to the prosecution introducing inadmissible evidence; failed to have sidebar conferences transcribed for appellate review; failed to raise objection to Magistrate Bernat presiding over the jury selection where such was error; failed to object to the prosecutions assassination of appellant's character by use of "bad acts" evidence; and agreeing to stipulation of the victim's medical reports instead of using the information in those reports to impeach the witness.

The state in this case claimed that she had been stabbed in the neck and chest area some 15 times. The fact that the victim allegedly sustained the injuries in the neck and chest area, is the state's support to the charge of Attempted Aggravated Murder.

The evidence turned over to counsel prior to trial, indicates that the victim <u>was not</u> stabbed in the neck and chest at all, but was stabbed in the hands and arms. Had the victim actually been stabbed in the neck and chest area, it could be said that the attacker may have intended to kill the victim due to the area of her injuries. However,

the victim's injuries were in the hands and arms(forearms). The area of these injuries are not conclusive with an attempt to murder the victim.

As stated above, trial counsel possessed evidence(medical reports) that revealed the victim was not stabbed in the neck and chest, but in the hands and arm area. Instead of presenting this information to the jury, trial counsel not only stipulated to the information in the medical reports without having that information read into the record, but allowed the <u>state</u> to give testimony to the contrary. He did not raise any objection, nor did he present this issue to the court or jury.

Also, the <u>state</u> testified to injuries that were not supported by the testimony of other witnesses who viewed the alleged victim at the time the alleged offenses occurred. Even after the <u>state</u> had given testimony contrary to the medical reports, had perjured herself, and had her testimony contradicted by other witnesses, counsel still did not present the aforementioned evidence. Counsel even failed to examine the medical reports for support and to mitigate the offenses as a matter of law. He stipulated to the medical reports without using the exculpatory evidence within.

The discussion above indicates that trial counsel rendered deficient performance and that the appellant was prejudiced by such performance. The prejudice involved is that the result of counsel's errors precluded the jury from making a full and fair determination of the facts and the credibility of the witnesses.

C.) The trial court committed reversible error when it allowed the guilty verdict to stand although the verdict was tainted by prosecutorial misconduct committed during the trial proceedings.

11

The prosecution made statements and comments during the trial (without objection of defense counsel) regarding the appellant's alleged prior domestic violence offenses. The prosecution was permitted to intorduce evidence relating to offenses that the appellant was never convicted of. Not only was "evidence of these allegations" admitted, the prosecution was allowed to repeatedly refer to these unrelated offenses. These comments amount to misconduct where the record indicates they were designed to prejudice the jury to believe that appellant had a propensity to commit violent offenses. The repeated reference to the appellant's alleged prior bad acts denied the appellant a fair trial. The trial court permitting the prosecution to introduce these comments, the prosecutions conduct, and trial counsel's failure to object to this conduct, all warrant reversal of the appellant's conviction as they undermine the result of the trial.

Appellate counsel must be found ineffective in failing to raise these issues on appeal as they a highly significant to the appellant's constitutional rights as a criminal defendant. It was reversible error for the court to permit the evidence and it was equally reversible error for the prosecution to have stirred this evidence into the trial proceedings. Such is in direct contavention with the United States and Ohio Constitutions.

D.) The record in this case reveals that the trial court, in its felony sentencing findings, found that the appellant : Has commited the worst form of the offense; Poses the greatest likelihood of recidivism; and several assault and domestic violence convictions, numerous DU charge. All of these findings are erroneous. The evidence does not support a conclusion that these offenses were committed in the worst

12

form. The evidence in the record does not indicate that the appellant has **multiple/several** assault or domestic violence convictions nor is there any indication that the appellant poses the greatest likelihood of recidivism.

The trial court sentenced the appellant to two(2) 10 year terms to be served consecutive. This is contrary to Ohio law because the facts of this case do not present the criteria for such maximum penalty. Furthermore, the trial court did not make the required findings or put the findings on the record so that such findings could be subjected to appellate review. Thus the sentencing proceedings held in the trial court were defective in that the trial judge did not apply the proper criteria when rendering sentence against the appellant.

The only proper avenue to challenge this issue was on direct appeal but appellate counsel failed to do so.

## Conclusion

The appellant submits to this court that his appellate counsel was ineffective in failing to raise the issues argued within this Memorandum in the prior direct appeal proceedings. The appellant asks that this court grant jurisdiction in this case and hear the issues on the merits. The court of appeals failure to render a complete decision based upon a full and fair resolve of the facts in this case, has consequently denied the appellant his substantive rights to procedural due process. This Honorable Court holds sole jurisdictional responsibility. It is asked that this court grant such jurisdiction in this case and allow the appellant's claims to be heard on the merits.

Respectfully submitted,

By: *Reginald Allen*
Reginald Allen
Appellant in <u>pro se</u>

13

## SERVICE

I hereby certify that a copy of the foregoing was sent to counsel for the appellee, Philip R. Cummings, Assistant Prosecuting Attorney, 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202 on this _31_ day of _August_ 2000 by ordinary U.S. mail.

_Reginald Allen_
Appellant in pro se

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                        :        APPEAL NO. C-990046

    Plaintiff-Appellee,           :

vs.                                   :        *ENTRY DENYING APPLICATION*
                                           *FOR REOPENING AND*
REGINALD ALLEN,                       :        *OVERRULING MOTION.*

    Defendant-Appellant.          :

    This cause came on to be considered upon defendant-appellant's timely application for reopening, and upon the memoranda filed by the parties. However, the state's memorandum in opposition is ineffective because it does not respond to any of appellant's arguments. Appellant's motion to amend his application is overruled because it would exceed the page limit set forth in App.R. 26(B)(4).

    The first assignment of error alleges that the trial court "permitt[ed] the state to continually refer to the appellant's prior bad acts." The record reveals that the state used a 1988 prior conviction only to prove an element of the domestic violence count. The state also introduced evidence of a domestic violence incident that occurred about one month prior to the charges in this case, during which appellant stated to the victim, "I am going to get you, bitch." This evidence clearly tends to establish appellant's plan, intent, motive and identity, and therefore is admissible under Evid.R. 404(B) and R.C. 2945.59. See *State v.*

*Wogenstahl* (1996), 75 Ohio St.3d 344, 366, 662 N.E.2d 311, 328. Defense counsel, not the prosecutor, brought out other charges of domestic violence that the victim had initiated and then dropped, as part of counsel's trial strategy to attack the victim's credibility. Accordingly, appellant's claim that the state impermissibly and continually referred to his prior acts is without merit.

Some of the arguments raised in the second assignment of error merely repeat those made in the first assignment; others do not provide any basis for the claims as required by App.R. 26(B)(2)(d); and others go to matters of credibility or fail to allege any prejudice. Therefore, the second assignment is without merit.

The third assignment is not well taken because it alleges prosecutorial misconduct based on the allegations made in the first assignment, which the court has found to be without merit.

In the fourth assignment, appellant claims that the trial court did not utilize the requisite statutory criteria in sentencing him. However, all of the required findings were made and appear at Td. 47 and Tp. 376-377.

In sum, the arguments raised in appellant's application show no deficient performance by appellate counsel, and no possibility of prejudice to appellant from counsel's failure to raise the alleged issues. See App.R. 26(B)(5); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.

Therefore, the court hereby denies appellant's application for reopening.

*To the Clerk:* Enter upon the Journal of the Court on 8/3/00 per order of the Court.

_____
**Presiding Judge**

(COPIES SENT TO ALL PARTIES.)

2