UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REGINALD ALLEN, | * | |
| Petitioner, | * | Case No. C-1-01-810 |
| -vs- | * | Judge Dlott |
| ALAN LAZAROFF, Warden | * | Magistrate Black |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \*

**REPLY TO STATES RESPONSE**

The Respondent admits in its Response that the Petition in this case was timely filed, and that the issues raised herein were properly presented and ruled upon by the state courts. Therefore, the only issue for this Court to decide is whether the Petitioner's constitutional claims have merit.

The Respondent argues that counsel was not ineffective for failing to challenge evidence presented under 404(b). The Respondent contends that the evidence was not "other acts" evidence, and that the introduction of the evidence was invited error, as it was presented by the defense itself.

First, the record reflects that the introduction of the evidence was not initially made by the defense, as the Respondent suggests. Witnesses Deborah Shepard and Officer Mullis both testified, during the State's case, as to prior incidents and arrests of the Petitioner. Therefore, this is not a situation where the defense waived this issue by first opening the door to

this type of evidence.

Second, the evidence was "other acts" evidence. The incidents raised in the Petitioner's trial were for acts which occurred at a time and location wholly distinct from the offenses addressed in the Petitioner's indictment. The Respondent has not attempted to show how the other acts were intertwined with the offenses of conviction, and cannot do so. Thus, the complained of introduced evidence was other acts evidence.

Finally, the Respondent ignores the fact that the only issue in this case was the identity of the assailant. In order to use prior bad acts to prove the identity of the Petitioner, the State was required to show specific similarities between the prior acts and the offense. "Other acts may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." State of Ohio v. Smith, 551 N.E.2d 190,194 (1990) The evidence cannot be admissible simply to prove that the Petitioner acted in conformity with the prior acts. The Respondent has not attempted to show where in the record a distinct, identifiable system was used such that the acts could be used by a jury to provide the identity of the Petitioner. As such, the evidence was inadmissable, and competent counsel should have raised the issue.

The Respondent next argues that counsel was ineffective to

use available medical records to refute the allegation that the victim was stabbed in the neck.  Although it is true that Officer Proffitt only indicated that there was blood from the neck on down, the inference that a jury could raise is that there were wounds upon the neck.  The inference was further bolstered by the State's questioning of the victim herself, when the State asked "Where were all the blows directed, Ms. Shepard?  What part of your body? A: The mid-section.  Q: Like from your neck down, like your chest area? A: Yes." (Tr, p.151)

Clearly, an inference was made, through both Proffitt and the victims testimony, that there were wounds to the neck.  Competent counsel should have used the medical records to refute this inference.  The failure to do so was ineffective.

The Respondent next suggests that the closing argument of the State prosecutor did not rise to the level of misconduct, and therefore, that counsel was not ineffective in failing to raise this issue.

The Respondent argues that it is unclear as to how the closing argument shifted the burden of proof.  But the statement made during closing was that there was a person who was not in court and never called who is accused of the crime. (Tr, p.333-334) The inference clearly is that the defense should have called this witness, to allow the jury to hear his testimony.

Had this been the only instance of wrongdoing, then the Petitioner could agree that the prosecution's closing was harmless error. However, in the initial memorandum, the Petitioner has pointed out several instance of misconduct which have not been adequately refuted by the Respondent. For instance, Respondent claims that the evidence of the assailant went directly to the victim, as opposed to traveling from room to room. The Respondent states that this is supported by the record because the victim stated that before she could get out of bed, the assailant was above her. (Response, p.28) However, the victim's testimony was that she had been sleeping. If she was in a deep sleep, it is quite possible that some time could pass between the time she heard the noise and she got up. Further, the victim testified that when the assailant came in the room, she was half off and half on the bed. (Tr. 150) From this sketchy information, the prosecution should not have been permitted to make the leap of faith as to the assailant's path.

The Respondent also argues that the arguments to the passions of the jury were proper argument. However, it is not proper for the State to argue that the Petitioner was angry for "not finishing the job" when there was no evidence to support this, and to urge the jury to not let a batterer go free. These were not arguments in response to the defense, but were designed to play to the fears of the jury.

The prosecution had a duty to refrain from improper conduct during closing argument. "This is particularly true when a prosecutor misrepresents evidence because a jury generally has confidence that a prosecuting attorney is faithfully observing his obligation as a representative of a sovereignty." Washington v. Hofbauer, 228 F.3d 689,700 (6th C. 2000) The State's misconduct should have been raised by appellate counsel, and the failure to do so prejudiced the Petitioner.

Finally, the Respondent contends that the Petitioner was properly sentenced to maximum, consecutive sentences. First, the Petitioner contends that the issue is merely a state one. However, the Sixth Circuit has recognized that a defendant is entitled to due process of law during sentencing proceedings. United States v. Mayle, 334 F.3d 552,556 (6th C. 2003) In the case of Powell v. Collins, 332 F.3d 376 (6th C. 2003), the Sixth Circuit found a violation of due process had occurred during a state sentencing procedure which warranted relief pursuant to 28 U.S.C. § 2254. In that case, the defendant asked for but did not receive the assistance of a court appointed psychiatric expert during sentencing in a capital case. The Court found that the failure to provide such an expert violated the defendant's due process rights to a fair sentencing proceeding, and warranted 2254 relief. Id. at 395

In the present case, the Petitioner contends that due

process was violated at sentencing when it failed to make adequate findings.

In the recent case of <u>State of Ohio v. Comer</u>, 793 N.E.2d 473 (Ohio 2002), the Supreme Court of Ohio found "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." <u>Id.</u> at 477

The Petitioner submits that the imposition of consecutive maximum sentences was in violation of due process and Ohio law. Further, the non-application of allied offenses was improper. Had counsel raised these issues on appeal, it would have resulted in a new sentencing proceeding.

Wherefore, in light of the arguments raised above, as well as those previously presented, the Petitioner respectfully requests that this Court vacate the convictions in this case, and remand for a new trial on these matters. In the alternative, the Petitioner respectfully requests an evidentiary hearing on these matters.

Respectfully submitted,

 s/Kevin M. Schad
Kevin M. Schad
Attorney for Petitioner
Schad & Cook
8240 Beckett Park Dr.
Indian Springs OH 45011
(513) 870-4980
Fax (513) 870-4984

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing appended hereto has been sent this _____ day of _____ 2004, by regular U.S. Mail with sufficient postage affixed to ensure delivery thereof to: Assistant Attorney General, 140 E. Gay St., 16th Floor, Columbus OH 43215.

                                        s/Kevin M. Schad
                                        Kevin Schad
                                        Attorney for Petitioner