IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **REGINALD ALLEN,** | * | |
| | | **CASE NO. 1-01CV810** |
| Petitioner, | * | |
| | | **JUDGE DLOTT** |
| VS. | * | **MAGISTRATE BLACK** |
| | | |
| **ALAN LAZAROFF,** | * | |
| | | |
| Respondent. | * | |

**OBJECTIONS TO REPORT AND RECOMMENDATION**

      **COMES NOW**, the Petitioner herein, through Counsel, and files with this Court objections to the Magistrate's Report and Recommendation.

1. The Petitioner objects to the Magistrates conclusion on Page 12 of the Report and Recommendation, that the evidence that was introduced was admissible for purposes of identity, intent and motive. This decision ignores the balancing test requirement under 404(B), and also the evidence was not necessary to prove intent, motive or identity, in that that was provided by the Prosecution with other evidence in the case.

2. The Petitioner objects to the Magistrates conclusion on Pages 8 and 13 of the Report and Recommendation, that it was the Defense that introduced much of the evidence which is complained of in the Petitioner's 2254 Motion. In fact, the evidence was introduced by the Prosecution. It was eluded to in opening argument (Vol. II, pp. 94 and 95) of the Prosecutor, and was referenced by Officer Mullsis, the first witness of the Prosecution, during direct examination of that witness. (Vol. II, pp. 104-106)

3. The Petitioner objects also objects to the conclusion that counsel was not ineffective for failing to challenge the admission of these prior acts.

4. The Petitioner objects to the conclusion, on Page 17 of the Report and Recommendation, that the Prosecutor did not argue a shifting of the burden of proof. The Magistrate does admit that the Prosecutor represented during closing argument that the Defense failed to introduce evidence, but suggests that it was a sarcastic remark. The Petitioner submits that the evidence in this case shows that the comment did shift the burden of proof.

5. The Petitioner objects to the Magistrate's conclusion, on Page 17 or the Report and Recommendation, that the Prosecutor's reference to an alternative perpetrator, which was wholly made up, was not prosecutorial misconduct.

6. The Petitioner objects to Page 18 of the Magistrate's Report and Recommendation, in which the Magistrate finds that the Prosecutor did not commit misconduct when he indicated that the perpetrator knew the layout of the victim's house. In fact, there was no evidence to support that the assailant knew the layout of the house, and it was improper to make such argument.

7. The Petitioner objects to the Magistrate's conclusion, on Page 18 or the Report and Recommendation, that it was "reasonable for the Prosecutor to infer that the Petitioner intended to kill her and the Petitioner was upset when his efforts were cut short by the presence of his step-daughter." The Prosecutor's statements are not based upon the record in this matter, and were improper argument.

8. The Petitioner objects to the Magistrate's determination, on Page 18 of the Report and Recommendation, that the Prosecutor's argument with regard to the illusion to the alleged victim not pursuing prior charges was inappropriate argument.

9. The Petitioner objects to the Magistrate's conclusion, on Pages 20-22 of the Report and Recommendation, in which the Magistrate finds that there was no issue with regard to the sentencing judge's sentencing in this matter.  In addition to the cases which have previously been raised, the Petitioner submits that the case of <u>Blakely v. Washington</u>, 124 Supreme Court 2531 (2004) provides an additional argument for relief, as the sentence imposed was improper under the standards in Ohio and <u>Blakely</u> standard as by the U.S. Supreme Court.

10. The Petitioner objects to the Magistrate's conclusions, on Pages 23-25 of the Report and Recommendation, that Appellant counsel was not ineffective for failing to raise these issues on direct appeal, and submits that because of the prejudicial nature of the issues raised in his 2254, counsel should have raised them in the direct appeal of this matter.

11. The Petitioner objects to the Magistrate's conclusion, on Page 26 of the Report and Recommendation, that a certificate of appealability should not issue in this matter.  At the very least, the Petitioner submits that he has shown issues debatable among jurists which will allow a certificate of appealability in this matter.

**WHEREFORE,** the Petitioner respectfully requests that this Court make a de novo review of the Petitioner's claims brought in his 28 U.S.C. § 2254 Petition, and find that the Petitioner is entitled to relief sought.

Respectfully submitted,

 s/Kevin M. Schad
Kevin M. Schad

Attorney for Petitioner<br>
SCHAD & COOK<br>
8240 Beckett Park Drive<br>
Indian Springs OH 45011<br>
513 / 870-4980; Fax 513 / 870-4984<br>
Email: kevinschad@yourattorneys.net

_____